(No. 32014.— )

Isaac A. Thomas, Appellant, *vs.* Henry Durchslag, Appellee.

*Opinion filed November 27, 1951.*

Weightstill Woods, of Chicago, for appellant.

Braden, Hall, Barnes & Moss, of Chicago, (Zedrick T. Braden, of counsel,) for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

This appeal is a sequel to *Thomas* v. *Durchslag,* 404 Ill. 581. The plaintiff, Thomas, brought an action in the superior court of Cook County against the defendant, Durchslag, to remove a cloud upon his title to a lot in the city of Evanston. Thomas claimed to have been the owner of the record title and in possession since 1925. Durchslag based his claim of ownership upon a tax deed of 1928 and adverse possession. A decree was entered finding that all issues had been proved and established for Thomas and against Durchslag and other parties defendant. The cloud declared to exist on Thomas's title was removed, and it

was adjudged that he had been vested with the exclusive title in fee to the lot since August, 1925. Upon appeal by Durchslag, this court said, "Thomas, prior to the filing of his complaint and at no time thereafter, ever paid or offered to pay Durchslag the amount due him by reason of his paying taxes, interest and costs. Costs are chargeable against the holder of a void tax deed in a successful suit to remove that deed as a cloud on title of plaintiff, but where the latter makes no tender of reimbursement for the taxes, interest and costs paid before the filing of the complaint, it is error on setting aside the deed to require the holder of the tax deed to pay the costs." Affirming the decree of the superior court, in part, and reversing it in part, and remanding the cause, with directions, this court said, "Clearly, the findings of fact made by the chancellor are true and not against the manifest weight of the evidence. In all respects the decree is confirmed, except for the erroneous failure of the chancellor to decree reimbursement of Durchslag, by Thomas, for all the taxes, interest and costs properly paid out by the former, and except for the erroneous assessment of the costs against Durchslag. As to these matters, the decree of the superior court of Cook County is reversed and remanded with the direction to enter a decree which conforms with this opinion."

The mandate of this court, issued in due course, concluded "Therefore it is considered that * * * this cause be remanded * * * with directions to enter a decree which conforms with the opinion attached to this mandate." Upon the remandment, plaintiff sought to contest defendant's right to reimbursement. The trial judge proceeded upon the assumption that nothing remained to be done except to hear the evidence relative to the taxes paid and the costs incurred. Evidence was adduced showing that taxes, together with interest, amounted to $727.11, and three cost bills to $147.10.

On December 1, 1950, a supplemental decree was entered modifying the decree previously entered by striking the part assessing costs against Durchslag and finding that the latter was to be reimbursed by Thomas in the sum of $874.21 for taxes, interest and costs properly paid out by Durchslag on the property made the subject of litigation. Accordingly, judgment was entered against Thomas and in favor of Durchslag for $874.21. Plaintiff prosecutes the present appeal, contending that Durchslag's claim should have been dismissed for want of equity on the facts shown by the record and that all charges and costs on both appeals should be assessed against Durchslag.

The only question requiring consideration is the effect of the decision of this court in *Thomas* v. *Durchslag,* 404 Ill. 581. Plaintiff asserts that the mandate did not give specific directions as to reimbursement, but that it contemplated a limited new trial at which Durchslag's right to any reimbursement would be determined. Where a judgment is reversed by an appellate court, the judgment of that court is final upon all questions decided and those questions are no longer open to consideration. The court to which a cause is remanded can take only such proceedings as conform to the judgment of the appellate tribunal. (*Town of Kaneville* v. *Meredith,* 361 Ill. 556.) The narrow question is simply whether the supplemental decree was in accordance with the directions contained in the mandate of this court. Where, as here, the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. Precise and unambiguous directions in a mandate must be obeyed. *People ex.rel. Barrett* v. *Bardens,* 394 Ill. 511; *People ex rel. McLaren* v. *DeBoice,* 377 Ill. 634; *Wilson* v. *Fisher,* 369 Ill. 538; *People ex rel. Callahan* v. *DeYoung,* 298 Ill. 380; *Fisher* v. *Burks,* 285 Ill. 290.

The order of this court upon the prior appeal is not ambiguous. The cause was remanded for but a single purpose and specific directions were given. The chancellor, upon remandment of the cause, lacked discretion concerning the granting of relief to defendant in the respects described in *Thomas* v. *Durchslag*, 404 Ill. 581. From an examination of the supplemental decree, we find that the mandate has been obeyed and that the law of the case has been followed. The chancellor lacked authority to make inquiries as to whether the directions were erroneous, inadequate or inappropriate. He did not assume to make such an inquiry, correctly declining to permit plaintiff to interject any additional issues into the cause, and quite properly observing: "It seems to me there is nothing to do but hear the evidence, and show your costs."

The supplemental decree of the superior court of Cook County of December 1, 1950, is affirmed.

*Decree affirmed.*