(No. 40345.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ERNEST NEWTON NEBER III, Appellant.

*Opinion filed November 22, 1968.*

SONNEMANN & CORBELL, of Vandalia, (MARTIN J. CORBELL, of counsel,) appointed by the court, for appellant.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Ernest Newton Neber III, pleaded guilty on March 4, 1964, in the circuit court of Fayette County to an information charging him with theft in excess of $150 in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, chap. 38, par. 16—1) and was sentenced to the penitentiary for a term of not less than 3 nor more than 5 years. A petition was filed under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1) on October 21, 1966, in which Neber alleged a violation of his constitutional rights. The request for a hearing was denied and that judgment has been appealed to this court.

The petition set forth that Neber was a poor person without funds to procure counsel and though he requested the services of an attorney the trial court did not appoint counsel to represent him. Our Post-Conviction Hearing Act provides in part: "If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Ill. Rev. Stat. 1967, chap. 38, par. 122—4.) There is nothing in the record to justify the failure to appoint an attorney. We can-

128

not address ourselves to the questions raised on this appeal as we must remand the cause to the circuit court of Fayette County. It is clear that a judgment in a post-conviction proceeding cannot stand if the trial court did not appoint counsel when requested to do so by a petitioner without means to procure an attorney. *People* v. *Terry,* 40 Ill.2d 547; *People* v. *Butler,* 40 Ill.2d 386; *People* v. *Hunt,* 39 Ill.2d 107, and *People* v. *Slaughter,* 39 Ill.2d 278.

That a petitioner may have completed service of his sentence and may be no longer incarcerated pursuant to that conviction will not render remandment unnecessary. We have observed that because of the stigma and disabilities which attend conviction of a crime we will not in every case deny a post-conviction remedy simply because the post-conviction proceedings had not been completed prior to the petitioner's release from incarceration. See *People* v. *Davis,* 39 Ill.2d 325.

The judgment of the circuit court of Fayette County is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*