THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK BAIN, Defendant-Appellant.

(No. 72-51;

Fifth District—March 8, 1973.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

No appearance for the People.

364

PER CURIAM:

This is an appeal from the judgment of the circuit court of St. Clair County dismissing a post-conviction petition without the evidentiary hearing, which had been mandated by the Supreme Court of Illinois.

■■ Although numerous extensions have been granted appellee for the filing of its brief, none has been timely filed. The cause would be a proper one for a summary reversal, however, we elect to dispose of the matter on the merits.

Defendant entered a plea of guilty to a charge of burglary and was sentenced to a term of one to ten years in the penitentiary. Subsequently, defendant filed a post-conviction petition, but the circuit court sustained the People's motion to dismiss the petition, on July 10, 1969. On appeal to the Illinois Supreme Court, the Attorney General of the State of Illinois confessed error in the post-conviction proceedings. The Illinois Supreme Court reversed and remanded the judgment of the Circuit Court of St. Clair County and ordered that an evidentiary hearing be conducted by the circuit court.

The circuit court appointed counsel pursuant to the mandate, and a petition identical to the one previously filed was filed with a brief, an expanded petition and affidavits and exhibits on May 5, 1971 while defendant was still incarcerated in the penitentiary.

On July 16, 1971, the court ordered the People to file an answer and set an evidentiary hearing for July 29, 1971. On July 20, 1971, the People filed an answer moving to dismiss the post-conviction petition on the grounds that it failed to state a cause of action under the Post-Conviction Hearing Act. The cause was called for hearing on July 29, and the People moved for a continuance which was granted and the cause continued until September 10, 1971. After lengthy delay sought by the State on January 14, 1972, the cause was called for hearing, at which time the State moved to dismiss, advising the court that petitioner had been paroled. The court dismissed the petition, from which order of dismissal this appeal has been perfected.

■■ Any questions arising from the hearing held on July 10, 1969, in the circuit court have been rendered moot by the Supreme Court's reversal of the circuit court's judgment. When a judgment is reversed by a reviewing court, the reviewing court's judgment of reversal is final upon all questions decided; those questions are no longer open to consideration. *Schulenburg v. Signatrol, Inc.,* 37 Ill.2d 352, 226 N.E.2d 624.

■■■ The trial court's dismissal of the petition on January 14, 1972 was in direct opposition to the specific mandate to hold an evidentiary hearing. A court to which a cause is remanded can only take such action

as conforms to the judgment of the reviewing court. (*Town of Kaneville v. Meredith,* 361 Ill. 556, 198 N.E. 857.) In *Thomas v. Durchslag,* 410 Ill. 363, 102 N.E.2d 114, the Supreme Court stated:

> "Where, as here, the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. Precise and unambiguous directions in a mandate must be obeyed. *People ex rel. Barrett v. Bardens,* 394 Ill. 511; *People ex rel. McLaren v. DeBoice,* 377 Ill. 634; *Wilson v. Fisher,* 369 Ill. 538; *People ex rel. Callahan v. De-Young,* 298 Ill. 380; *Fisher v. Burks,* 285 Ill. 290."

■■ Ill. Rev. Stat. 1971, ch. 38, par. 122—1 states that a person imprisoned in the penitentiary who asserts that there was a substantial denial of his constitutional rights in the proceedings which resulted in his conviction may institute a post-conviction proceeding. It is not necessary, however, that the petitioner be incarcerated in the penitentiary at the time his petition is heard under the Post-Conviction Hearing Act.

This issue was settled by the Illinois Supreme Court in *People v. Davis* (1968), 39 Ill.2d 325, 235 N.E.2d 634, where the State argued that Davis' post-conviction petition should be dismissed because he had not been in prison at the time his cause was heard. The Court, however, held:

> "As there are obvious advantages in purging oneself of the stigma and disabilities which attend a criminal conviction, we see no reason to so narrowly construe this remedial statute as to preclude the remedy in every case in which the petition is not filed and the hearing completed before imprisonment ends." *People v. Davis,* 235 N.E.2d at 636.

In another case later in the same year, the Court cited *People v. Davis* and added: "That a petitioner under the Post-Conviction Hearing Act may have completed service of his sentence and may be no longer incarcerated pursuant to that conviction will not render remandment unnecessary." *People v. Neber,* 41 Ill.2d 126, 128, 242 N.E.2d 179, 180.

Thus, the fact that defendant in this case was not incarcerated on January 14, 1972, should have had no bearing on his right to an evidentiary hearing as ordered by the Illinois Supreme Court. Defendant was in the penitentiary on March 6, 1969, when he first filed his post-conviction petition. Defendant was still in the penitentiary July 29, 1971, when the petition was called for a hearing. The statute speaks of a person being incarcerated at the time he *institutes* a post-conviction proceeding.

We therefore reverse the order of the circuit court of St. Clair County, and remand this cause for an evidentiary hearing to be held before some judge other than the judge who entered the order of the dismissal.

Reversed and remanded with directions.