THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL DUKETT *et al.*, Defendants-Appellants.

(No. 13167;

Fourth District—December 4, 1975.

Robert E. Davison and Joshua Sachs, both of State Appellate Defender's Office, of Springfield, for appellants.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On June 29, 1970, the defendants-appellants Robert Russell Dukett and his son, Michael Wayne Dukett, after trial by jury, were convicted of the crimes of armed robbery and murder. The trial judge sentenced Robert Dukett to a term of 25 to 40 years for armed robbery, and sentenced Michael Dukett to a term of 15 to 30 years for that offense. He followed the recommendation of the jury, and sentenced both defendants to death on the murder convictions. On direct appeal the Supreme Court affirmed the convictions of armed robbery and of murder. (*People v. Dukett* (1974), 56 Ill.2d 432, 308 N.E.2d 590.) The court, pursuant to the holdings of the United States Supreme Court in *Moore v. Illinois* (1972), 408 U.S. 786, 33 L.Ed.2d 706, 92 S.Ct. 2562, and *Furman v. Georgia* (1972), 408 U.S. 238, 33 L.Ed.2d 346, 92 S.Ct. 2726, held that the death sentences could not be carried out, vacated those sentences and remanded the cases to the trial court for reimposition of sentence on the murder convictions. Michael Dukett was then sentenced to 70 to 150 years for murder, and Robert Dukett to a term of 100 to 200 years for that offense.

■■■ This appeal raises two issues. Defendants contend that the trial judge erred in denying their motion to vacate the armed robbery convictions. This motion was made at the time of the hearing on resentencing. The defendants argued to the sentencing judge, and repeat the argument here, that the armed robbery and murder convictions arose out of the same transaction, and that the holdings of *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1 (1974), and *People v. Redmond*, 59 Ill.2d 328, 320 N.E.2d 321 (1974), required that the armed robbery convictions be vacated. The trial judge refused to vacate the convictions stating:

Mr. Davidson, I am inclined to agree with you, but as I understand the law, on a remand to the trial court, the trial court has no jurisdiction other than to follow the mandate and the orders issued in the mandate * * * and the instructions, as I read the mandate in this case, said that it was remanded back to the trial court for a resentencing other than death * * * I think the only thing I can do today is to follow the mandate of the

· Supreme Court and enter a sentence other than death. I don't think I have any other jurisdiction &ast; &ast; &ast;."

The trial judge's ruling was correct. The Supreme Court in its opinion had specifically affirmed the armed robbery convictions and had specifically held that the sentences imposed on those charges were not excessive. The mandate extended only to reimposition of sentence on the murder convictions and the trial judge had no jurisdiction to enter any orders other than those required in furtherance of, and in conformity with, the mandate. (*Thomas v. Durchslag* (1951), 410 Ill. 363, 102 N.E.2d 114; *People v. Bain* (1973), 10 Ill.App.3d 363, 293 N.E.2d 758.) There is a further obstacle to the consideration of this issue, either by the sentencing judge, or by this court. In *People v. Adams* (1972), 52 Ill.2d 224, 225, 287 N.E.2d 695, 696, the supreme court stated:

"We have consistently held that ' "where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived." (*People v. Kamsler*, 39 Ill.2d 73, 74; *People v. Armes*, 37 Ill.2d 457; *People v. Agnello*, 35 Ill.2d 611; *People v. Cox*, 34 Ill.2d 66.)' *People v. Beckham* (1970), 46 Ill.2d 569, 571."

We therefore affirm the order of the trial judge denying defendant's motion to vacate the armed robbery convictions.

Defendants also argue that the sentences imposed upon the murder convictions are excessive. Robert Dukett had prior convictions for burglary and theft, a second theft, and armed robbery. Michael Dukett had a prior conviction of armed robbery. The record before us does not contain recital of the evidence upon which defendants were convicted. The opinion of the Supreme Court (*People v. Dukett* (1974), 56 Ill. 432, 308 N.E.2d 590) recites that the defendants entered a service station, robbed the defendant of $492 and killed the attendant who had been shot in the arm with a shotgun. A .38-calibre bullet was removed from his head.

■■ The judge who resentenced the defendants noted the presentence report filed September 13, 1974, he heard testimony given in aggravation and mitigation, then recessed the sentencing hearing in order that he might read the report of proceedings of the trial. (The judge who imposed sentences on rehearing was not the judge who presided at the trial and imposed the original sentences.) At the time of imposing the sentences in question he remarked that "&ast; &ast; &ast; this was a horrible crime. An eighteen year old boy who was working, was shot down, in the

court's opinion, in cold blood." He went on to remark about the past criminal records of the defendants, that a jury which had heard the evidence had seen fit to recommend the death penalty, and that the trial judge had followed that recommendation. He then stated that after consideration of all of these factors he was of the opinion that the sentences "*  *  * should be more than the minimum." This record clearly demonstrates a careful exercise of discretion and considered judgment on the part of the trial judge in imposing the sentences. The authority of a reviewing court to reduce sentences is to be exercised with considerable caution and circumspection. We will not disturb the imposition of sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law, its spirit and purpose. (*People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673.) Considering the circumstances of the crime and the prior records of the defendants we cannot say that the trial judge abused his discretion or departed from the fundamental law, its spirit and purpose.

The judgment is affirmed.

TRAPP and CRAVEN, JJ., concur.