THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GRACIELLA FARIAS, Defendant-Appellant.

First District (3rd Division)   No. 1—88—0736

Opinion filed August 23, 1989.

William A. Swano & Associates and Abbey G. Fishman & Associates, both of Chicago (Ross A. Keene, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Elizabeth Sklarsky, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

On November 15, 1984, defendant, Graciella Farias, pleaded guilty to a felony charge of possession of a controlled substance. (Ill. Rev. Stat. 1983, ch. 56½, par. 1402(b).) The trial court sentenced her to 13 months' probation and imposed a fine. The trial court terminated defendant's probation on January 13, 1986. On August 18, 1987, defendant filed a petition for post-conviction relief under the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 et seq.). The State filed a motion to dismiss the petition and the trial court granted the motion. Defendant appeals.

In her petition for post-conviction relief, defendant alleged that she had not knowingly, intelligently or voluntarily entered her guilty plea and that she had not received effective assistance of counsel. She based those contentions on the allegation that her trial counsel had failed to inform her that, as an alien, she could be denied both permanent resident alien and U.S. citizenship status based on a felony narcotics conviction. The State based its motion to dismiss solely on defendant's failure to file the petition during the period of her probation. The State argued that, to qualify for post-conviction relief, a petitioner must be "under sentence," viz., incarcerated or on conditional discharge, probation or parole.

■■ "Any person imprisoned in the penitentiary" who asserts a substantial denial of his State or Federal constitutional rights in the proceeding resulting in his conviction may file a petition for post-conviction relief. (Ill. Rev. Stat. 1987, ch. 38, par. 122—1.) The issue presented in this appeal is thus whether a person who has successfully completed probation is "imprisoned in the penitentiary" for purposes of seeking post-conviction relief. Determination of the issue is controlled by the construction placed on that language by our supreme court.

In *People v. Dale* (1950), 406 Ill. 238, 92 N.E.2d 761, the supreme court rejected a challenge to the constitutionality of the Act. The court reasoned that the legislature intended to distinguish between convictions for minor offenses and for serious crimes "and to make the remedy available only to persons actually being deprived of their liberty and not to persons who had served their sentences and who might wish to purge their records of past convictions." The court also concluded that "[t]he words 'persons imprisoned in the penitentiary' were no doubt intended to describe persons convicted of serious crimes and imprisoned at the time of their invocation of the [Act]." *Dale*, 406 Ill. at 246-47.

The language "imprisoned in the penitentiary" was thus interpreted narrowly in *Dale* as describing only those persons actually deprived of their liberty by imprisonment. Subsequently, and notwithstanding the language in *Dale* to the contrary, this interpretation was broadened in *People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634 (*Davis I*).

In *Davis I*, the defendant filed a petition for post-conviction relief but the cause was not heard until almost two years later. "By that time Davis was no longer imprisoned in the penitentiary." (*Davis*, 39 Ill. 2d at 327.) Relying on the express wording of section 122—1 and *Dale*, the State argued that the defendant's petition should be dismissed because he was not incarcerated at the time the cause was heard. The court noted that some jurisdictions made post-conviction relief available to persons who had fully served their sentences while others restricted it to those actually imprisoned at the time of the hearing. The court then rejected the State's argument by stating:

> "As there are obvious advantages in purging oneself of the stigma and disabilities which attend a criminal conviction, we see no reason to so narrowly construe this remedial statute as to preclude the remedy in every case in which the petition is not filed and the hearing completed before imprisonment ends." *Davis*, 39 Ill. 2d at 329.

The supreme court adhered to the *Davis I* court's broadened interpretation of the Act in three later cases.

In remanding the cause to the trial court for further proceedings on a separate issue, the court in *People v. Neber* (1968), 41 Ill. 2d 126, 128, 242 N.E.2d 179, stated:

> "That a petitioner may have completed *** his sentence and may be no longer incarcerated *** will not render remandment unnecessary. We have observed that because of the stigma and disabilities which attend conviction of a crime we will not in every case deny a post-conviction remedy simply because the post-conviction proceedings had not been completed prior to the petitioner's release from incarceration." *Neber*, 41 Ill. 2d at 128.

In *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479, 292 N.E.2d 379, the trial court dismissed without evidentiary hearing a *pro se* " 'Petition for Writ of *Habeas Corpus*' " filed after the defendant's conviction. (*Twomey*, 53 Ill. 2d at 480.) On appeal, the court held that the trial court erred in failing to treat the petition as a post-conviction petition. However, it did not remand the cause. Rather, the court concluded that, as the defendant had been discharged and was no longer incarcerated, it might be that he no longer desired post-conviction relief. The court went on to add, however, that the dismissal of the cause was not *res judicata* and the fact that defendant's term of imprisonment had ended did not of itself serve to bar the institution of post-conviction proceedings. *Twomey*, 53 Ill. 2d at 484, citing *Davis*, 39 Ill. 2d 325, 235 N.E.2d 634, and *Neber*, 41 Ill. 2d 126, 242 N.E.2d 179.

In *People v. Davis* (1973), 54 Ill. 2d 494, 496, 298 N.E.2d 161 (*Davis II*), the court repeated that "the Act would not be construed so narrowly as to preclude the remedy in every case in which the petition is not filed and the hearing completed before imprisonment ends," citing *Davis I*. It also repeated that section 122—1 "[did] not require that the person seeking relief actually be imprisoned at the time the relief is sought." The court further noted that *Dale* also held that the language " 'imprisoned in the penitentiary' was intended to distinguish between persons convicted of minor offenses and those convicted of serious crimes," *i.e.*, "crimes punishable by imprisonment in the penitentiary," and to allow the latter to avail themselves of the Act. 54 Ill. 2d at 496.

By emphasizing the "crimes punishable by imprisonment" language of *Dale*, the *Davis II* court seemingly broadened the interpretation of the Act even more.

Subsequently, the broadened interpretation of section 122—1 found support in the court's rationale in *People v. Lynn* (1984), 102 Ill. 2d

267, 464 N.E.2d 1031, for allowing a direct appeal of a conviction despite the defendant's completion of the sentence imposed thereon.

*Lynn* held that the completion of a sentence of incarceration for conviction of two counts of misdemeanor battery did not render moot a challenge to a conviction by direct appeal since nullification of the conviction, in contrast to the sentence, may have important consequences to a defendant. *Lynn*, 102 Ill. 2d at 273.

In *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307, the supreme court affirmed the judgment in *People v. Correa* (1984), 124 Ill. App. 3d 668, 465 N.E.2d 507, recognizing the defendant's right to petition for post-conviction relief. The court rejected the State's argument that the defendant was not entitled to post-conviction relief because he had served his sentence and had been released from the penitentiary. The court noted that the defendant's "mandatory supervised release" from the penitentiary, during which he filed the petition, constituted a part of his sentence. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(d).) As such, the court concluded that the defendant had not completed his sentence when he filed his post-conviction relief petition. Thereafter, the court noted the *Dale* holding that such relief was not available to those who had served their sentences and might wish to purge their records of past convictions. The court also reasoned that the defendant in *People v. Jack* (1981), 97 Ill. App. 3d 1082, 424 N.E.2d 28, which affirmed the dismissal of the defendant's post-conviction petition on the grounds that the Act did not extend to those who had completed probationary sentences, had not sought post-conviction relief while under sentence. Because defendant Correa had not served his sentence when he filed his petition, the court found *Dale* and *Jack* inapplicable. The court also found it unnecessary to decide whether post-conviction relief would have been available had the defendant been released prior to filing his petition. *Correa*, 108 Ill. 2d at 546-47.

Thus, in *Correa*, the court found it unnecessary to decide whether post-conviction relief was available to a defendant who had been released prior to filing his petition. However, the fact that the court noted the *Dale* holding that such relief was unavailable to those who had served their sentences and might simply wish to purge their records of past convictions strongly indicated that such defendants would not be allowed to avail themselves of the Act. The intimation that the court would so hold was, we believe, made crystal clear in *People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 489 N.E.2d 1356.

In *Martin-Trigona*, the court extended the Act to a defendant released on appeal bond who was awaiting resentencing. In doing so, the court reaffirmed the holding of *Dale* that the legislature used the lan-

guage " 'imprisoned in the penitentiary' " to prevent those who had completed their sentences from availing themselves of post-conviction review "solely to purge their criminal records" and that only persons whose liberty is actually constrained are entitled to the protection of the Act. The court further reasoned that persons who were on parole (*People v. Placek* (1976), 43 Ill. App. 3d 818, 357 N.E.2d 660), or its successor, mandatory supervised release (*People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307) or probation (*People v. Montes* (1980), 90 Ill. App. 355, 412 N.E.2d 1363), when their petitions were filed, were entitled to avail themselves of the Act because they were deprived of their liberty in some meaningful way. The court further reasoned that restraints on liberty which accompany actual incarceration, probation, parole and release on appeal bond while awaiting resentencing are unacceptable when imposed in violation of State or Federal constitutional rights. (*Martin-Trigona*, 111 Ill. 2d at 299-300.) Finally, the court stated:

> "Relief is available under the Act to all persons whose liberty is constrained by virtue of a criminal conviction, and a criminal sentence is relevant only so far as it predicts at what point in time any particular convicted person will be released from the fetters accompanying his conviction so that he is no longer in need of the Act's remedial procedures to secure his liberty." *Martin-Trigona*, 111 Ill. 2d at 301.

This survey of the relevant supreme court cases on the issue before us leads us to conclude that the trial court correctly dismissed defendant's petition. We would not hesitate to find that defendant here could seek post-conviction relief if the interpretation of section 122—1 expressed in the cases from *Davis I* through *Davis II* and buttressed in *Lynn* were still viable. However, we believe that *Martin-Trigona* implicitly retreated from the expansive reading of the Act adopted in those cases, although it cited *Davis II* with approval. *People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 301, 489 N.E.2d 1356.

■ *Martin-Trigona* conclusively establishes that a defendant must actually be deprived of his liberty as a result of serving, as opposed to having served, a sentence of imprisonment, parole, mandatory supervised release, or probation or as a result of being on appeal bond awaiting resentencing at the time he files his petition for post-conviction relief. The reason for this construction of the Act, consistent with *Dale*, is that it is intended to remedy deprivations of liberty resulting from violations of the petitioner's constitutional rights. Absent such a deprivation, the wrong which the Act was intended to remedy is nonexistent.

■ Defendant chiefly relies on the favorable language of the supreme court cases from *Davis I* and *Davis II, Lynn* and the appellate court cases decided thereunder (see, *e.g., People v. Montes* (1980), 90 Ill. App. 3d 355, 412 N.E.2d 1263; *People v. Correa* (1984), 124 Ill. App. 3d 668, 465 N.E.2d 507). She also notes that the supreme court has stated that the Act must be liberally construed to afford a defendant an opportunity to present questions of deprivation of constitutional rights. (*People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 303, 489 N.E.2d 1356; *People v. Correa* (1985), 108 Ill. 2d 541, 546, 485 N.E.2d 307; *People v. Pier* (1972), 51 Ill. 2d 96, 98, 281 N.E.2d 289.) In view of the limitations of the Act stated in *Dale* and *Martin-Trigona*, however, those cases and the mandate for a liberal construction of the Act are unavailing to defendant.

■ Defendant also argues that the denial of post-conviction relief will, in effect, penalize her for completing probation successfully. She reasons that, if imprisoned for violating probation, she "would have undoubtedly had standing" to bring her petition for relief. We disagree. Defendant lacks standing to bring that petition because she did not, as required by the Act, file it during the time she was "imprisoned in the penitentiary," *i.e.*, during the period of her probationary sentence, not because she completed the sentence successfully.

■ Defendant argues also that a denial of post-conviction relief violates the U.S. Supreme Court's direction in *Young v. Ragen* (1948), 337 U.S. 235, 93 L. Ed. 1333, 69 S. Ct. 1073, that some clearly defined method be made available for prisoners to raise claims of denial of Federal constitutional rights. We disagree with this argument as well. Defendant does not claim that she failed to file a petition during the time required under the Act because the Act is not clearly defined. Rather, that failure was solely due to her lack of awareness, during that time, of the collateral consequence of her conviction, *i.e., deportation* (*People v. Correa* (1985), 108 Ill. 2d 541, 548, 550, 485 N.E.2d 307), which she now seeks to avoid. The Act has been found to satisfy *Young.* (*People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 302, 489 N.E.2d 1356; *People v. Correa* (1985), 108 Ill. 2d 541, 545-46, 485 N.E.2d 307; *People v. Dale* (1950), 406 Ill. 238, 245-46, 92 N.E.2d 761.) Defendant offers no tenable reason for finding otherwise here.

For all of the foregoing reasons, the judgment of the circuit court dismissing defendant's petition for post-conviction relief is affirmed.

Affirmed.

WHITE and CERDA, JJ., concur.