THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMAS TOSTADO, Defendant-Appellant.

Fifth District   No. 5—05—0090

Opinion filed August 30, 2005.

Tracy C. Carney, of Rosenblum, Schwartz, Rogers & Glass, P.C., of St. Louis, Missouri, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Rebecca E. McCormick, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

The defendant, Tomas Tostado, appeals from the denial of his postconviction petition after an evidentiary hearing. On appeal, he contends that the trial court had jurisdiction to entertain his postcon-

viction petition because he is a person imprisoned in the penitentiary pursuant to the liberal construction given to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2004)), because deportation is a severe deprivation of liberty. This court affirms the denial of the postconviction petition.

On December 1, 2000, a two-count indictment was filed that charged the defendant with unlawful possession of a controlled substance, 15 grams or more but less than 100 grams of a substance containing cocaine (720 ILCS 570/402(a)(2)(A) (West 2000)), and unlawful possession of cannabis (720 ILCS 550/4(d) (West 2000)). On May 2, 2001, pursuant to negotiations with the State, the defendant pleaded guilty to both charges and was sentenced to concurrent terms of 24 months' probation. On June 20, 2001, the defendant filed a motion to withdraw his guilty pleas. The motion alleged, in part, "The defendant did not understand that convictions for these charges would result in Immigration and Naturalization Services attempting to deport the defendant from the United States as a result of the plea." On June 22, 2001, the circuit court denied the motion to withdraw the guilty pleas on the basis that the motion had not been filed within 30 days of sentencing as required by Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).

Pursuant to section 5—6—2(d) of the Unified Code of Corrections (730 ILCS 5/5—6—2(d) (West 2002)), the record on appeal contains a certificate stating that the defendant was discharged from probation on June 16, 2003.

On August 3, 2004, the defendant filed a postconviction petition, which alleged that after the defendant inquired, his trial attorneys either misinformed him or failed to inform him of the effect the convictions would have on his lawful permanent resident status; that on March 26, 2004, the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, deported him; and that he is currently living in Mexico, the country from which he previously entered the United States. The defendant requested the court to vacate his guilty pleas. Attached to the petition is a memorandum of law. On November 8, 2004, the State was ordered to file a response to the postconviction petition. On December 20, 2004, the State filed an answer to the petition.

On January 13, 2005, a hearing was conducted, and on January 18, 2005, the court denied the petition. The court's order states:

"Attorneys Sheafor and Roustio[,] who represented the defendant at the time of the plea[,] testified. Attorney Sheafor testified he could not recall discussing the defendant's alien status. Attorney Roustio indicated alien status and deportation were not discussed.

Based on testimony before the Court, there is nothing to substantiate that the defendant was provided erroneous information concerning his immigration status. Since no information was given, this Court believes the standard set forth in People v. Bouzidi, 332 Ill. App. 3d 87, 773 N.E.2d 699, 265 Ill. Dec. 935 (First Dist., 2002), applies; and, therefore, the petition for post[ ]conviction relief is DENIED."

■ The State did not challenge the timeliness of the petition in the trial court; therefore, the State has waived any issue concerning the timeliness of the petition. See *People v. Boclair*, 202 Ill. 2d 89, 101-02, 789 N.E.2d 734, 742 (2002).

■ The defendant lacks standing to bring his petition because he did not, as required by section 122—1 of the Post-Conviction Hearing Act, file it during the time he was "imprisoned in the penitentiary" (725 ILCS 5/122—1 (West 2002)). See *People v. Farias*, 187 Ill. App. 3d 879, 885, 543 N.E.2d 886, 889 (1989). The person must be in prison for the offense he is purporting to challenge. *People v. West*, 145 Ill. 2d 517, 519, 584 N.E.2d 124, 125 (1991). In *Farias*, the issue presented was whether a person who has successfully completed probation is "imprisoned in the penitentiary" for purposes of seeking postconviction relief. *Farias*, 187 Ill. App. 3d at 881, 543 N.E.2d at 887. This court held that the circuit court had correctly dismissed the defendant's petition. *Farias*, 187 Ill. App. 3d at 884, 543 N.E.2d at 889. Farias alleged her trial counsel had failed to inform her that, as an alien, she could be denied both permanent resident alien status and United States citizenship based on a felony narcotics conviction. *Farias*, 187 Ill. App. 3d at 880, 543 N.E.2d at 886. In the case at bar, the defendant was sentenced on May 2, 2001, to concurrent terms of 24 months' probation. His probation terminated no later than June 16, 2003, when the certificate for the successful completion of probation was filed. The defendant did not file his postconviction petition until August 3, 2004, more than one year after he successfully completed probation. The defendant cites cases to show that a defendant does not have to be literally "imprisoned in the penitentiary" to have standing to file a postconviction petition. The Illinois Supreme Court has determined that actual incarceration is not a strict requirement. *West*, 145 Ill. 2d at 519, 584 N.E.2d at 125. "Imprisoned in the penitentiary" has been held to include defendants who have been released from incarceration after the timely filing of their petition (*People v. Davis*, 39 Ill. 2d 325, 235 N.E.2d 634 (1968)), released on an appeal bond following a conviction (*People v. Martin-Trigona*, 111 Ill. 2d 295, 489 N.E.2d 1356 (1986)), released under mandatory supervision (*People v. Correa*, 108 Ill. 2d 541, 485 N.E.2d 307 (1985)), and sentenced to

probation (*People v. Montes*, 90 Ill. App. 3d 355, 412 N.E.2d 1363 (1980)). In all of the foregoing cases, there existed some restraint on the defendant's liberty at the time the postconviction petition was filed. In the case at bar, at the time the defendant filed the postconviction petition, no restraint of his liberty existed as a result of the Illinois criminal proceedings.

In 1985, the Illinois Supreme Court held: "It is counsel's responsibility, and not the court's, to advise an accused of a collateral consequence of a plea of guilty; the consequence of deportation has been held to be collateral." *Correa*, 108 Ill. 2d at 550, 485 N.E.2d at 310. If the circuit court in the case at bar did not have to advise the defendant of the potential collateral consequence of deportation, deportation is not within the scope of raising the standards of including deportation within the definition of "imprisoned in the penitentiary." This court notes that since the defendant's conviction in the case at bar, the legislature has enacted section 113—8 of the Code of Criminal Procedure of 1963, which requires the court to advise a defendant that if he is a not a citizen, certain consequences, such as deportation, might occur upon a conviction. 725 ILCS 5/113—8 (West 2004). This court need not discuss at this time the effect of section 113—8 on a case such as this. Because the defendant did not have standing to bring the petition, this court need not discuss the other issues raised on appeal.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.