NO. 4-06-0555     Filed 2/20/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| KLAUS MRUGALLA, | ) | No. 99CF1469 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

In January 2000, defendant, Klaus Mrugalla, pleaded guilty to unlawful possession with intent to deliver between 30 and 500 grams of cannabis (720 ILCS 550/5(d) (West 1998)), and the trial court sentenced defendant to 24 months' probation. In May 2001, defendant successfully completed the conditions of his probation and was discharged early.

In November 2005, defendant was detained by the Department of Homeland Security pending deportation proceedings. In January 2006, an immigration judge ordered defendant be deported.

In May 2006, five years after his discharge from probation, defendant filed a petition for postconviction relief seeking to vacate the drug conviction, alleging (1) he received ineffective assistance of counsel, (2) his guilty plea was not intelligent and voluntary, and (3) he was denied due process. In May 2006, the trial court dismissed the petition as patently

without merit because defendant had served his sentence and was not imprisoned as a result of the conviction. In June 2006, defendant filed a motion to reconsider, arguing he need not have been imprisoned or be currently serving his sentence to be eligible for postconviction relief. In June 2006, the court denied the motion to reconsider. This appeal followed. In July 2006, this court granted defendant's motion for accelerated docket.

On appeal, defendant argues the trial court erred in dismissing his postconviction petition because he need not (1) have been imprisoned or (2) currently be serving his sentence to file a postconviction petition. The State concedes defendant's first point. Because we disagree with defendant on the second point, we affirm.

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2004)) provides a proceeding may be instituted by any person "imprisoned in the penitentiary." 725 ILCS 5/122-1(a) (West 2004). The Act is available "to all persons whose liberty is constrained by virtue of a criminal conviction." People v. Martin-Trigona, 111 Ill. 2d 295, 301, 489 N.E.2d 1356, 1359 (1986). Defendant's criminal sentence defines the period he is fettered by his conviction and upon completion of his sentence, "he is no longer in need of the Act's remedial procedures to secure his liberty." Martin-Trigona, 111 Ill. 2d at 301, 489

- 2 -

N.E.2d at 1359. The Act is not available to "persons who had served their sentences and who might wish to purge their records of past convictions." People v. Dale, 406 Ill. 238, 246, 92 N.E.2d 761, 766 (1950), abrogated on other grounds by People v. Warr, 54 Ill. 2d 487, 491-92, 298 N.E.2d 164, 166-67 (1973).

Defendant urges us to follow People v. Sak, 186 Ill. App. 3d 816, 542 N.E.2d 1155 (1989), which held that the defendant, an illegal alien facing deportation, was not precluded by the phrase "imprisoned in the penitentiary" from seeking postconviction relief even though he had completed his term of probation prior to filing his petition. Sak, 186 Ill. App. 3d at 819-20, 542 N.E.2d at 1157-58; see 725 ILCS 5/122-1 (West 2004).

Defendant contends the statute can be interpreted to cover those who have completed their sentence but still have the threat of a serious deprivation of liberty. Defendant argues he is currently suffering from a deprivation of liberty, namely detention and deportation, as a direct result of his prior conviction. The State argues defendant does not have standing to file a postconviction petition because he does not fit within the definition of "imprisoned in the penitentiary." We agree with the State.

After the briefs were filed in this case but shortly before oral arguments, the Supreme Court of Illinois released its opinion in People v. Pack, No. 102253 (January 19, 2007), __ Ill.

- 3 -

2d ___, ___ N.E.2d ___.  In Pack, the defendant received consecutive sentences on two unrelated convictions.  Pack, slip op. at 2, __ Ill. 2d at ___, ___ N.E.2d at ___.  The defendant sought to challenge his first conviction even though he had served his sentence for that offense and was currently serving the second of his consecutive sentences.  Pack, slip op. at 2, __ Ill. 2d at ___, ___ N.E.2d at ___.  The supreme court held "a prisoner serving consecutive sentences is 'imprisoned' under any one of them for purposes of [the Act]" and allowed defendant to proceed with his postconviction petition.  Pack, slip op. at 7, __ Ill. 2d at ___, ___ N.E.2d at ___.  The court stressed the defendant's liberty interest is the deciding factor to determining who is "imprisoned" under the Act.  Pack, slip op. at 5, 8, ___ Ill. 2d at ___, ___, ___ N.E.2d at ___, ___.

While instructive, Pack is distinguishable because defendant is not serving consecutive prison sentences imposed by the State of Illinois.  The supreme court's opinion in People v. West, 145 Ill. 2d 517, 584 N.E.2d 124 (1991), is analogous to defendant's case.  In West, the defendant was convicted of voluntary manslaughter in Illinois and served his sentence for that offense.  West, 145 Ill. 2d at 518, 584 N.E.2d at 124.  Subsequently, the Illinois conviction was used as an aggravating factor in sentencing defendant to death in Arizona for murder.  West, 145 Ill. 2d at 518, 584 N.E.2d at 124.  The defendant

- 4 -

sought to attack his Illinois conviction pursuant to the Act to undermine the sentencing procedure in Arizona. West, 145 Ill. 2d at 518, 584 N.E.2d at 124. The supreme court held because the defendant had served his sentence and mandatory-supervised-release period when he filed for postconviction relief, he was not "imprisoned in the penitentiary" as required by the Act and did not fit within the judicially defined scope of the term "imprisonment." West, 145 Ill. 2d at 519, 584 N.E.2d at 125. The court found defendant's incarceration in Arizona was not imprisonment within the meaning of the language in the Act because the person must be in prison for the offense he is purporting to challenge. West, 145 Ill. 2d at 519, 584 N.E.2d at 125; accord People v. Tostado, 362 Ill. App. 3d 949, 951-52, 841 N.E.2d 980, 982-83 (2005) (Fifth District) (proper to dismiss the defendant's postconviction petition alleging counsel misinformed or failed to inform him on the effect the convictions would have on his immigration status, resulting in deportation, because the petition was filed after the defendant completed probation); People v. Farias, 187 Ill. App. 3d 879, 884-85, 543 N.E.2d 886, 889-90 (1989) (First District) (proper to dismiss the defendant's postconviction petition alleging counsel failed to advise her of the effect the conviction would have on her immigration status because the petition was filed after the defendant completed her sentence of probation); People v. Thurman, 334 Ill. App. 3d 286,

288-89, 777 N.E.2d 971, 972-73 (2002) (Third District) (postconviction relief not available when the underlying sentence has already been fully served); People v. Collins, 161 Ill. App. 3d 285, 288, 514 N.E.2d 499, 501 (1987) (Fourth District) (postconviction relief not available "to those whose sentence is completed at the time they file their post[]conviction petition").

Contrary to defendant's assertion, his liberty is not currently being restrained by his Illinois conviction, the offense he is purporting to challenge. See West, 145 Ill. 2d at 519, 584 N.E.2d at 125. Instead, defendant's detention and deportation are the result of an adverse ruling in a federal deportation proceeding. Defendant's liberty is being curtailed by the federal government, not by the State of Illinois. Even if the federal government instituted the deportation proceedings based solely on defendant's Illinois conviction, as defendant alleges, this does not transform the alleged deprivation of liberty effected by the federal government into a deprivation effected by the State of Illinois.

Persons convicted of a felony face a myriad of collateral consequences as a result of their conviction, such as loss of the rights to vote and travel abroad freely and loss of civil service employment. People v. Haunte, 143 Ill. 2d 61, 71, 571 N.E.2d 736, 741 (1991). Any effect defendant's Illinois criminal

conviction may have had on his immigration status is a collateral effect and is just one of the innumerable residual effects accompanying all felony convictions.  See Haunte, 143 Ill. 2d at 71, 571 N.E.2d at 741.  However, the supreme court has made it clear the Act is not available to "persons who had served their sentences and who might wish to purge their records of past convictions."  Dale, 406 Ill. at 246, 92 N.E.2d at 766.  Like the defendant in West, any deprivation of liberty defendant is suffering is the result of proceedings in another jurisdiction and his liberty is not currently being restrained by his Illinois conviction.

Defendant may not bring his petition for postconviction relief because he did not file it while he was "imprisoned in the penitentiary" as is required by the Act.  The trial court's dismissal of the petition was proper.

In addition, defendant's postconviction petition fails to sufficiently allege he received ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, defendant must prove (1) counsel's assistance was deficient under prevailing professional norms and (2) the deficiency prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984).  Defendant alleged in his petition that his attorney incorrectly informed him that the plea would not adversely affect

his immigration status and that had he known the plea would result in deportation, he would not have pleaded guilty.

To establish prejudice, defendant must show a reasonable probability existed that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. People v. Rissley, 206 Ill. 2d 403, 457, 795 N.E.2d 174, 204 (2003). Whether the error causing defendant to plead guilty rather than to go to trial was prejudicial largely depends on whether defendant likely would have succeeded at trial. People v. Pugh, 157 Ill. 2d 1, 15, 623 N.E.2d 255, 262 (1993).

In this case, the record refutes the existence of any plausible defense. The record consistently states defendant received in the mail, and that the officers seized, 168 grams of marijuana, well over the 30 grams required for the offense. The officers seized various items from defendant's home showing defendant's intent to deliver, including plastic bags, scales, and guns. The record indicates it is not likely that defendant would have succeeded at trial. As such, defendant faced the same immigration consequences whether he pleaded guilty or went to trial. Because defendant's petition fails to allege facts sufficient to show he was prejudiced by his trial counsel's alleged deficient representation, he has failed to establish he received ineffective assistance of counsel.

For the reasons stated, we affirm the trial court's

judgment.  As part of our judgment, we grant the State's request that defendant be assessed $75 as costs of this appeal.

Affirmed.

APPLETON and TURNER, JJ., concur.