THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESUS CARRERA, Defendant-Appellant.

Second District    No. 2—08—0206

Opinion filed September 8, 2009.

Alexander M. Salerno, of North Riverside, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Defendant, Jesus Carrera, appeals from an order of the circuit court of Du Page County granting the State's motion to dismiss his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 2006)). For the reasons that follow, we find that, because defendant had already completed his sentence of probation when he filed his petition, he does not have standing under the Act, and we affirm.

On June 28, 2004, defendant pleaded guilty to one count of unlawful possession of less than 15 grams of a controlled substance (720 ILCS 570/402(c) (West 2004)). The trial court sentenced him to 24 months' probation pursuant to section 410 of the Illinois Controlled Substances Act (720 ILCS 570/410 (West 2004)), which he completed on June 26, 2006.

On January 18, 2008, defendant filed a postconviction petition seeking to vacate his plea, arguing that his plea was involuntary as it was made in reliance on counsel's erroneous representation that no

immigration consequences would result from his plea. Defendant attached a transcript of the plea hearing to the petition. During the hearing, the court asked counsel: "No immigration problems, nothing like that?" Counsel replied: "No, Judge. It's not an issue." Subsequent to the plea hearing, defendant, a legal resident, lost his green card and applied for a replacement. Thereafter, on December 6, 2007, he was taken into custody by the Immigration and Naturalization Service (INS), which instituted deportation proceedings. According to defendant's petition, it was only upon his detention by the INS that he became aware of the consequences of his plea.

The trial court found that the petition presented "a gist of a claim for denial of a constitutional right" and advanced the petition to the second stage under the Act. At the second stage, the State moved to dismiss the petition, arguing that defendant is not entitled to relief under the Act, because: (1) he is not a "person imprisoned in the penitentiary" (725 ILCS 5/122—1(a) (West 2006)) and, thus, he cannot bring a claim under the Act; and (2) alternatively, defendant cannot establish that his counsel's performance was deficient or that he was prejudiced by any alleged deficiency.

A hearing on the State's motion to dismiss took place on February 6, 2008. Following argument, the court concluded as follows. With respect to the issue of standing, the court stated: "I think your positions within this murky area, I think postconviction petition should err on the side of upstanding [sic], so I would say that [defendant] has standing, despite the fact that probation was terminated. Somebody higher than me will figure that out eventually, but I think he has standing to bring this." With respect to whether defendant should be afforded an evidentiary hearing on his claim of ineffectiveness, that is, whether defendant made a substantial showing of a constitutional violation, the court found that trial counsel was not "objectively deficient" and, thus, granted the State's motion to dismiss the petition. Defendant timely appealed.

Defendant contends that his guilty plea was involuntary because it was made in reliance on defense counsel's erroneous advice, as well as the confirmation of said advice in open court, that no immigration consequences would ensue from defendant's guilty plea. Thus, defendant argues that the court erred in dismissing his petition. In response, the State maintains that the court properly dismissed defendant's petition because: (1) defendant is not a "person imprisoned in the penitentiary" under the Act (725 ILCS 5/122—1(a) (West 2006)) and, thus, he does not have standing; and (2) alternatively, defendant cannot establish that his counsel's performance was deficient or that he was prejudiced by any alleged deficiency. Defendant did not file a reply brief.

The Act permits "[a]ny person imprisoned in the penitentiary" (725 ILCS 5/122—1(a) (West 2006)) to mount a collateral attack on his conviction and sentence based on violations of his or her constitutional rights. *People v. Erickson*, 183 Ill. 2d 213, 222 (1998). Except in cases where the death penalty has been imposed, proceedings under the Act are divided into three separate stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). During the first stage, the trial court independently examines the petition. Within 90 days after the petition is filed, the trial court may summarily dismiss the petition if the court finds that it is frivolous or is patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2006). If the trial court does not summarily dismiss the petition within the 90-day period, the petition proceeds to the second stage. At the second stage, an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. *Gaultney*, 174 Ill. 2d at 418. A petition that is not dismissed at the first or second stage advances to the third stage, at which an evidentiary hearing is held. *Gaultney*, 174 Ill. 2d at 418. A defendant is not entitled to an evidentiary hearing on his or her petition as a matter of right. *People v. Lucas*, 203 Ill. 2d 410, 418 (2002). "Rather, a defendant is only entitled to an evidentiary hearing where the allegations contained in the petition, supported by the trial record and any accompanying affidavits, make a substantial showing of a constitutional violation." *Lucas*, 203 Ill. 2d at 418. A dismissal of a postconviction petition at the second stage is reviewed *de novo*. *People v. Whitfield*, 217 Ill. 2d 177, 182 (2005).

We find that defendant does not have standing under the Act, because he is not a "person imprisoned in the penitentiary." 725 ILCS 5/122—1(a) (West 2006). In his petition, defendant argued that he had standing based on *People v. Sak*, 186 Ill. App. 3d 816 (1989). In *Sak*, the defendant filed a postconviction petition alleging that his plea was involuntary based on counsel's failure to inform him that his guilty plea could result in his deportation. At the time of filing, the defendant had completed his sentence of 18 months' probation. The trial court granted the defendant's petition and the State appealed, arguing that the defendant did not have standing under the Act. The First District rejected the State's request to follow *People v. Jack*, 97 Ill. App. 3d 1082, 1083 (1981), which held that a defendant who had completed a probationary sentence was not a person "imprisoned in the penitentiary" for purposes of the Act. Instead, the court held:

> "We agree with the observation in *Jack* that courts must not prolong litigation and must recognize its defined termination. We are not, however, persuaded that the end should be elevated above avoiding injustice or worked to deprive an individual of constitutional rights.

\*\*\*

That some clearly defined method must exist by which [the defendant] could raise issue with the denial of his Federal constitutional rights is fundamental. That he could be deprived of that opportunity by completing his sentence and, thereby, unwittingly forfeit those rights is unreasonable." *Sak*, 186 Ill. App. 3d at 819-20.

Accordingly, the First District held that the defendant had standing under the Act, even though he had completed his sentence of probation.

Subsequent decisions of the First District have reached the contrary conclusion. For instance, less than a month after *Sak*, the First District held in *People v. Farias*, 187 Ill. App. 3d 879 (1989), that the defendant, who had successfully completed probation, lacked standing to bring her claim under the Act because she did not "file it during the time she was 'imprisoned in the penitentiary,' *i.e.*, during the period of her probationary sentence." *Farias*, 187 Ill. App. 3d at 885. The court based its holding primarily on the supreme court's decision in *People v. Martin-Trigona*, 111 Ill. 2d 295 (1986). The court stated:

"In *Martin-Trigona*, the court extended the Act to a defendant released on appeal bond who was awaiting resentencing. In doing so, the court reaffirmed the holding of [*People v.*] *Dale*, [406 Ill. 238, 246 (1950),] that the legislature used the language ' "imprisoned in the penitentiary" ' to prevent those who had completed their sentences from availing themselves of post-conviction review 'solely to purge their criminal records' and that only persons whose liberty is actually constrained are entitled to the protection of the Act. The court further reasoned that persons who were on parole [citation], or its successor, mandatory supervised release [citation] or probation [citation], when their petitions were filed, were entitled to avail themselves of the Act because they were deprived of their liberty in some meaningful way. The court further reasoned that restraints on liberty which accompany actual incarceration, probation, parole and release on appeal bond while awaiting resentencing are unacceptable when imposed in violation of State or Federal constitutional rights." *Farias*, 187 Ill. App. 3d at 883-84.

According to *Farias*, in *Martin-Trigona* the supreme court:

"conclusively establishe[d] that a defendant must actually be deprived of his liberty as a result of serving, as opposed to having served, a sentence of imprisonment, parole, mandatory supervised release, or probation or as a result of being on appeal bond await

ing resentencing at the time he files his petition for post-conviction relief. *** [The Act] is intended to remedy deprivations of liberty resulting from violations of the petitioner's constitutional rights. Absent such a deprivation, the wrong which the Act was intended to remedy is nonexistent." *Farias*, 187 Ill. App. 3d at 884.

Thus, because the defendant had already served her sentence, she was no longer deprived of her liberty and not entitled to relief under the Act.

The issue was again addressed by the First District in the more recent case of *People v. Rajagopal*, 381 Ill. App. 3d 326 (2008). The court framed the issue as "whether the specter of deportation constitutes 'imprisonment' for purposes of filing a postconviction petition." *Rajagopal*, 381 Ill. App. 3d at 330. In a lengthy analysis, the court held that "deportation is not an actual restraint on liberty" for purposes of the Act, stating:

> "Only those defendants whose liberty is actually restrained by their convictions are 'imprisoned' for purposes of the Act, and their sentences define that period of restraint. [Citations.] But collateral consequences are, by definition, unrelated to the length or nature of the sentence. [Citation.] Thus, collateral consequences, imposed by agencies not under the control of the court, cannot dictate defendants' sentences or, by extension, the period of imprisonment for purposes of utilizing the Act. As a collateral consequence, deportation is not an actual restraint on liberty to bring it within the definition of 'imprisonment' under the Act." *Rajagopal*, 381 Ill. App. 3d at 331.

The court expressly rejected the defendant's request to follow *Sak* and instead adopted the reasoning of *Farias*. The court noted that "[c]uriously, *Sak* did not address *Martin-Trigona*, which we find authoritative on this issue." *Rajagopal*, 381 Ill. App. 3d at 332-33.

Other districts have similarly rejected *Sak*'s holding. In *People v. Mrugalla*, 371 Ill. App. 3d 544 (2007), the Fourth District held that a defendant who petitioned for postconviction relief five years after being discharged from probation, claiming that counsel misinformed him that a guilty plea would not affect his immigration status, could not seek relief under the Act as he was not "imprisoned in the penitentiary" for purposes of the Act. The Fourth District rejected the defendant's request to rely on *Sak* and instead relied on the supreme court's decision in *People v. West*, 145 Ill. 2d 517 (1991). In *West*, the defendant was convicted of voluntary manslaughter in Illinois and completed his sentence for that offense. Subsequently, the Illinois conviction was used as an aggravating factor when the defendant was

sentenced to death in Arizona for murder. In Illinois, the defendant petitioned for postconviction relief, attacking his Illinois conviction in order to undermine the sentencing procedure in Arizona. The supreme court held that, because the defendant had completed his sentence and the parole period when he filed for postconviction relief, he did not fit within the scope of the term "imprisonment" under the Act. The court further held that the defendant's incarceration in Arizona did not fit within the scope of the term "imprisonment" under the Act, because the person must be in prison for the conviction or sentence he or she is purporting to challenge. *West*, 145 Ill. 2d at 519. Applying *West*'s reasoning, the Fourth District stated:

> "Contrary to defendant's assertion, his liberty is not currently being restrained by his Illinois conviction, the offense he is purporting to challenge. [Citation.] Instead, defendant's detention and deportation are the result of an adverse ruling in a federal deportation proceeding. Defendant's liberty is being curtailed by the federal government, not by the State of Illinois. Even if the federal government instituted the deportation proceedings based solely on defendant's Illinois conviction, as defendant alleges, this does not transform the alleged deprivation of liberty effected by the federal government into a deprivation effected by the State of Illinois." *Mrugalla*, 371 Ill. App. 3d at 547.

Similarly, in *People v. Tostado*, 362 Ill. App. 3d 949 (2005), the Fifth District rejected *Sak* and instead relied on *Farias* in holding that the defendant, who faced deportation as a result of his guilty plea, lacked standing to bring his claim under the Act because he, like defendant in the present case, filed his petition after he had completed his sentence of probation and thus "no restraint of his liberty existed as a result of the Illinois criminal proceedings." *Tostado*, 362 Ill. App. 3d at 952.

We agree with the weight of authority in Illinois, and we hold that defendant does not have standing to bring his claim under the Act. Although the trial court did not dismiss the petition on this basis, we may affirm on any basis of record. See *Rajagopal*, 381 Ill. App. 3d at 329. Having found that defendant has no standing under the Act, we need not address the merits of the petition. See *Rajagopal*, 381 Ill. App. 3d at 329.

Lastly, we address the State's motion, filed under Supreme Court Rule 341(h)(6) (210 Ill. 2d R. 341(h)(6)), to strike as argumentative certain portions of defendant's statement of facts. Given our holding, we deny the motion as moot.

Based on the foregoing, we affirm the order of the circuit court of Du Page County granting the State's motion to dismiss defendant's postconviction petition.

Affirmed.

BOWMAN and BURKE, JJ., concur.