No. 3-00-0955

_________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

THE PEOPLE OF THE STATE OF ILLINOIS,) Appeal from the Circuit 

 ) Court for the 10
th
 Judicial   ) Circuit,   

Plaintiff-Appellee,      ) Peoria County, Illinois

      )

      ) No. 89-CF-551

      )

DION THURMAN,      ) Honorable Michael Brandt,

      ) Judge, Presiding

Defendant-Appellant.      )

_________________________________________________________________

JUSTICE McDADE delivered the opinion of the court:

_________________________________________________________________

On August 14, 2000, defendant, Dion Thurman, filed a 

postconviction petition, seeking the vacation of a guilty plea he had entered on August 9, 1990.  The petition was dismissed for lack of standing.  Defendant now appeals.  We affirm.

FACTS

On August 9, 1990, defendant entered a fully negotiated guilty plea to the state offense of unlawful possession of a controlled substance.  Defendant's plea was entered in exchange for 18 months of probation pursuant to section 410(g) of the Illinois Controlled Substances Act (Substance Act).  (Ill. Rev. Stat. 1989, ch. 56 ½, par. 1410(g)).

Section 410(g) of the Substance Act states that "[a] disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, 
however, discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime
."  (Emphasis added.) Ill. Rev. Stat. 1989, ch. 56 ½, par. 1410(g). 

At the plea hearing, the judge explained to defendant that "section 410 probation is different from standard probation *** the difference is that ultimately upon successful completion of this probation, on February the 8
th, 1992, a conviction of record would not remain against you."  The judge then asked if defendant understood the nature of section 410 probation, to which defendant replied that he did.

On February 8, 1992, defendant's term of probation was completed, and on March 11, 1992, an order was entered for successful discharge.

Subsequently, in 1998, defendant was convicted of the federal offense of trafficking in marijuana.  21 U.S.C. §§ 841(a)(1), (b)(1)(D) (1994).  Based on defendant's 1990 guilty plea in state court, the federal court enhanced his sentence to 10 years' imprisonment.

On August 14, 2000, defendant filed a postconviction petition, claiming that the plea had been entered unknowingly and involuntarily in violation of his constitutionally protected right to due process of law, because pursuant to the clearly stated terms of the plea agreement, there should have been no record to be used by the federal court for enhancement.  Defendant's petition was dismissed for lack of standing.  Defendant now appeals.

ANALYSIS

Defendant reasserts the argument he presented in his 

postconviction petition that his plea was entered unknowingly and involuntarily.  One of the terms of the plea agreement, pursuant to the language of section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56 ½, par. 1410(g)), along with the court's explanation offered to him at the plea hearing, was that a successful completion of his probation term would prevent a conviction from appearing on his record.  Defendant asserts that if the state court had informed him he could receive an enhanced sentence from a federal court based on his Illinois guilty plea, he never would have entered the plea. 

Our review of the dismissal of a postconviction petition is 
de novo
.  
People v. Coleman
, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).

We do not find defendant's argument meritorious, because statutory postconviction relief is unavailable where the underlying sentence has already been fully served.  Section 122--1 of the Post-Conviction Hearing Act (Post-Conviction Act) (725 ILCS 5/122--1 (West 2000) states that, "[a]ny person 
imprisoned in the penitentiary 
who asserts that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article."  (Emphasis added.) 725 ILCS 5/122--1(a) (West 2000).  Our supreme court in 
People v. West 
found that "imprisonment in the penitentiary" has been expanded to include defendants who have been released from incarceration after the timely filing of their petition, released on appeal bond following conviction, released under mandatory supervision, and sentenced to probation.  
People v. West
, 145 Ill. 2d 517, 584 N.E.2d 124 (1991).  The reason for this construction of the Post- Conviction Act is that it is intended to remedy deprivations of liberty resulting from violations of the petitioner's constitutional rights.  Absent such a deprivation, the wrong that the Post-Conviction Act was intended to remedy is nonexistent.  Postconviction review is not available to those who have already completed their sentences and might simply wish to purge their records of past convictions.  
People v. Farias
, 187 Ill. App. 3d 879, 543 N.E.2d 886 (1989).

In this case, postconviction relief is unavailable to defendant because he is no longer imprisoned within the meaning of the Act.  On August 9, 1990, defendant pled guilty to the unlawful possession of a controlled substance and was sentenced to 18 months of probation.  On February 8, 1992, defendant's term of probation was completed.  Thus, under existing law, statutory postconviction relief was no longer available to defendant on August 14, 2000, when he filed his petition.  

However, defendant urges us to add a fifth exception to those described in 
West
 and hold that a person currently serving a new sentence that was enhanced on the basis of the prior challenged conviction is "imprisoned in the penitentiary."  In support, defendant cites 
Tredway v. Farley
, 35 F.3d 288 (7
th Cir. 1994), which relies on the United States Supreme Court's decision in 
Maleng v. Cook
, 490 U.S. 488, 104 L. Ed. 2d 540, 109 S. Ct. 1923 (1989), for its holding that a person currently serving a sentence that was enhanced on the basis of a prior conviction was still in custody.  

However, this argument lacks relevance in this case.  
Tredway 
involves the interpretation of a 
federal habeas 
statute, not the Post-Conviction Act.  
Tredway
, 35 F.3d at 291 (interpretation of "in custody" pursuant to the language of federal 
habeas corpus 
statute (28 U.S.C. §2254(a) (1994)), necessary to determine if jurisdiction existed in federal court). 

Furthermore, 
Maleng
 itself directly contradicts defendant's proposed expansion of the meaning of "imprisonment in the penitentiary."  In 
Maleng
, the United States Supreme Court ruled that pursuant to the federal 
habeas corpus 
statute, a defendant was no longer in custody where the sentence on the conviction had already been completed.  
Maleng
, 490 U.S. at 492, 104 L. Ed. 2d at 545-46, 109 S. Ct. at 1926 (a 
habeas 
petitioner does not remain "in custody" pursuant to federal 
habeas corpus 
statute under a conviction after the sentence imposed for it has fully expired, even if the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted). 

The reasoning of the United States Supreme Court is fully consistent with the law in Illinois that standing does not exist under the Post-Conviction Act following the completion of a sentence.  See 
West
, 145 Ill. 2d 517, 584 N.E.2d 124.  Thus, we find that the trial court was correct in its dismissal of defendant's postconviction petition.

CONCLUSION

For the aforementioned reasons, we affirm the decision of the Peoria County circuit court.  

Affirmed.

HOMER and HOLDRIDGE, J.J., concurring.