FIFTH DIVISION
December 3, 2010

No. 1-09-1006

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN STEWARD, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Dennis Porter, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE HOWSE delivered the opinion of the court:

Defendant, Steven Steward, filed a petition for post-conviction relief on February 9, 2009, asserting his actual innocence. The trial court summarily dismissed defendant's petition, finding that it was frivolous and patently without merit. In doing so, the court determined that although defendant was detained under the Sexually Violent Persons Commitment Act (725 ILCS 207/1 (West 2008)), he was no longer imprisoned within the meaning of the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)) and therefore he lacked standing to seek relief. For the reasons set forth below, we affirm the judgment of the trial court but vacate certain fees.

BACKGROUND

Defendant Steven Steward was convicted by a jury on May 16, 1996, of attempted aggravated criminal sexual assault (720 ILCS

1-09-1006

5/8-4, 12-14(a)(4) (West 1994)) and aggravated battery (720 ILCS 5/12-4(a) (West 1994)) and sentenced to 25 years plus 5 years, concurrently, in the Illinois Department of Corrections. Steward filed a direct appeal of his conviction claiming: (1) ineffective assistance of counsel at trial; (2) ineffective assistance of counsel during his posttrial motions, and (3) the trial court erred in granting the State's pretrial motion *in limine* to introduce evidence of his prior felony. We affirmed the defendant's conviction on March 31, 1998. *People v. Steward*, 295 Ill. App. 3d 735, 693 N.E.2d 436 (1998). Defendant's petition for leave to appeal to the Illinois Supreme Court was denied on October 6, 1998. *People v. Steward*, 179 Ill. 2d 611, 705 N.E.2d 447 (1998). Defendant subsequently filed a *pro se* writ of *habeas corpus* in the federal district court, which was denied.

Steward's Arrest and Conviction

The following facts are derived from the trial court's order on defendant's petition for postconviction relief and a posttrial deposition of witness Patrice B. (Patrice).

On December 2, 1993, at approximately 4 a.m., the victim, Patrice, was walking in her neighborhood when she came across her friend, Fancy. Patrice stopped to talk when Steward approached and asked Patrice if he could talk to her. Patrice replied in the negative, at which point Steward grabbed her by the back of

the neck and forced her into an apartment in a nearby building. Steward led Patrice into the bedroom and undressed.

> "A *** violent game of cat and mouse
> ensued, Patrice retreating and [Steward]
> pursuing, until, ultimately, [Steward] struck
> Patrice in the head and legs with a hammer
> and she subsequently agreed to perform oral
> sex on him.  Patrice knelt before [Steward]
> as he stood naked, overlooking her.  She then
> proceeded to grab his groin, and with great
> force, wrench his scrotum downward."

Steward then dropped the hammer he was holding and Patrice was able to flee the apartment to the street.  Fancy saw her and called an ambulance.  At the hospital, Patrice was treated for a black eye, multiple cuts, puncture wounds, and bite marks on her hand and arm.  While at the hospital, Patrice identified herself as "Lisa," admitted using heroin that night, and admitted she used various other names and birth dates in previous interactions with law enforcement.  She also identified Steward's photograph from a group of five photographs shown to her.  Steward's photograph had been taken at Cabrini Hospital where he was being treated for injuries to his scrotum, which had been lacerated severely enough to separate it into a front half and a back half.

Steward was arrested and convicted of aggravated criminal sexual assault (720 ILCS 5/8-4, 12-14(a)(4) (West 1994)) and aggravated battery (720 ILCS 5/12-4(a) (West 1994)).

Steward was scheduled to be released from prison to serve a two-year period of mandatory supervised release on March 1, 2006. On February 28, 2006, the State filed a petition to have Steward committed pursuant to the Sexually Violent Persons Commitment Act (SVPCA) (725 ILCS 207/1 (West 2004)). The petition alleged Steward was convicted of the offenses at issue here and was also convicted in 1990 of aggravated criminal sexual assault and sentenced to 10 years in the Illinois Department of Corrections for that offense.

The State's petition also alleged that Steward was diagnosed by Dr. Jacqueline Buck with the following conditions: (1) paraphilia, a condition where he is sexually attracted to nonconsenting females; (2) cannabis dependency; (3) he is subject to alcohol abuse; and (4) he has an antisocial personality disorder. According to the petition:

> "These mental disorders are congenital
> or acquired conditions affecting the
> Respondent's emotional or volitional capacity
> which predisposes the Respondent to commit
> acts of sexual violence."

On March 30, 2006, the trial court conducted a hearing and found probable cause that Steward is a sexually violent person, pursuant to the SVPCA (725 ILCS 207/1 (West 2004)). The court ordered Stewart detained pending disposition of the petition.

After Steward was detained, his counsel deposed Patrice. Her testimony in the deposition was different in several respects from the testimony she gave at trial. Patrice testified that she knew Homer King, a/k/a Fancy. Patrice had in the past exchanged sex for money with Fancy. Patrice identified this practice as a "date."

On the day of the incident with Steward, she came upon Fancy in a nearby park and he asked her if she still dated. Patrice testified that Fancy said he had a friend who wanted to date her. Steward approached and Fancy said he was the friend who wanted "to get to know [her]."

Patrice testified that she walked with Steward to an apartment. Steward asked her if she dated and she replied in the affirmative. Patrice testified that she walked into the bedroom and removed her pants but did not remove the three shirts she was wearing. Patrice and Steward engaged in intercourse. Afterwards, she asked to be paid and Steward gave her a bag containing jewelry, clothes and a coat. Patrice testified that she voluntarily engaged in intercourse with Steward a second

1-09-1006

time.

Shortly thereafter, Patrice was in the kitchen of the apartment and Steward grabbed her and a fight ensued. During the fight, Steward bit Patrice on her arm and hit her on the head with a hammer. Patrice testified:

> "And then after that I say okay, I'm going to do what you want me to do, you know. Just don't hit me."

Patrice testified that Steward asked her to have a drink and she declined. Testimony continued in the following manner:

> "A. He poured him a drink. He unzipped his pants. He told me to suck his penis.
>
> Q. [Defense attorney]: And what happened then?
>
> A. I looked at his penis.
>
> Q. And then what happened?
>
> A. I wiped the blood off my hand – my face. And I went down, you know, bend down like I'm in position to do what he asked me to do.
>
> Q. And then what happened?
>
> A. I snatched his groins.
>
> Q. Can you describe that for us, please?

A. Okay. He's standing – say that's the door and the doorknob is his groins. When I looked up at him, he's standing like this. His penis is active, and I just went and just did like this. When he did – when I did that, he dropped the hammer. When he dropped the hammer, I went at him like this, and he dropped the keys.

When he dropped the keys, I unlocked the front door and went – stood on the porch, not even a second, just stood and asked where can I run to, you know, just stay woke and see where you can run – and I'm remembering Fancy mom live across the street, you know, because that's where I went when I used to, you know, date him, you know, to his mom house.

And so I knocked on the door, and I asked could she call an ambulance for me."

Patrice suffered a wound to the head and a bite mark on her arm while the defendant suffered a severe injury to his scrotum.

Patrice testified that Steward never grabbed her on the street and forced her into the apartment, as she had testified at trial.

1-09-1006

On cross-examination, Patrice testified that Steward hit her on the head with a hammer because she would not suck his penis.

Steward filed a postconviction petition on February 9, 2009, claiming Patrice recanted her trial testimony in the 2007 deposition and that he is innocent of attempted aggravated criminal sexual assault. Steward claimed his conviction should be vacated or he should be granted a new trial.

In the petition, Steward claims that Patrice's posttrial deposition is newly discovered evidence. Steward also claims that posttrial deposition testimony from Fancy corroborates the testimony of Patrice.

State of Illinois records show that Steward was discharged from mandatory supervised release on March 1, 2008. Approximately 11 months later, he filed his postconviction petition.

In its order dismissing Steward's petition, the trial court found: (1) the issue of time limitations does not bar the petition because he is alleging actual innocence; (2) defendant does not have standing to bring his petition because he is not a person imprisoned in a penitentiary within the meaning of the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2008)); and (3) his claim of actual innocence fails because it was not based on newly discovered evidence.

This appeal followed.

ANALYSIS

In this appeal, Steward argues: (1) the trial court erred by dismissing his petition on the ground of standing at the first stage, (2) civil commitment under the SVPCA satisfies the "imprisoned in the penitentiary" requirement of the Post-Conviction Hearing Act, (3) the trial court erred when it dismissed defendant's postconviction petition on the basis that it was frivolous and patently without merit, and (4) the trial court erred in imposing sanctions pursuant to section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2008)).

As a preliminary matter, the State has requested that we strike portions of defendant's appellate brief that cite to matters outside the record of this appeal. As the State notes, the record is incomplete.

All matters to be considered on appeal must be made part of the court record. *Dopp v. Village of Northbrook*, 257 Ill. App. 3d 820, 824, 630 N.E.2d 84, 86 (1993). An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. Any doubts that may arise

from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984).

We decline to strike any portion of defendant's appellate brief. However, we may resolve any doubts that arise as a result of the incomplete record against the defendant. *Foutch*, 99 Ill. 2d at 391-92, 459 N.E.2d at 959.

Standing

On appeal, Steward claims standing is not a permissible ground for summary dismissal of a postconviction petition under section 122-2.1 of the Post-Conviction Hearing Act (the Act).

The Act provides a means through which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). Under the Act, "Any person imprisoned in the penitentiary may institute a proceeding ***." 725 ILCS 5/122-1(a) (West 2008).

Proceedings under the Act are commenced by the filing of a petition in the circuit court where the original proceeding took place. 725 ILCS 5/122-1(b) (West 2008). Section 122-2 of the Act requires that a post-conviction petition "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2008). Only those violations

that were not and could not have been challenged during an earlier proceeding are properly raised and considered. *People v. Morgan*, 212 Ill. 2d 148, 153, 817 N.E.2d 524, 527 (2004).

The Act provides for three stages of postconviction proceedings in noncapital cases. *Pendleton*, 223 Ill. 2d at 471-72, 861 N.E.2d at 1007. At the first stage, the trial court has 90 days to review a petition and may summarily dismiss it if the trial court finds the petition frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2)(West 2008).

The petition is required to have attached affidavits, records or other evidence to support its allegations or state why this evidence is not attached. 725 ILCS 5/122-2 (West 2008).

If the trial court does not dismiss the petition as frivolous or patently without merit within that 90-day period, the petition advances to the second stage and the trial court must docket it for further consideration and appoint an attorney for the defendant if he cannot afford one. 725 ILCS 5/122-2.1(b)(West 2008). At the second stage, the State may file responsive pleadings (*People v. Edwards*, 197 Ill. 2d 239, 245-46, 757 N.E.2d 442, 446 (2001)) or may move to dismiss the petition (*Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1008). If the State moves to dismiss, the trial court may hold a dismissal hearing but it is not required. *People v. Coleman*, 183 Ill. 2d

366, 381, 701 N.E.2d 1063, 1071 (1998).

If the trial court does not dismiss at the second stage, the proceedings advance to the third stage for an evidentiary hearing.  725 ILCS 5/122-6 (West 2008); *Pendleton*, 223 Ill. 2d at 472-473, 861 N.E.2d at 1008.  At an evidentiary hearing, the trial court "may receive proof by affidavits, depositions, oral testimony, or other evidence" and "may order the petitioner brought before the court."  725 ILCS 5/122-6 (West 2008).  When a trial court grants the State's motion to dismiss or otherwise dismisses the petition, "we generally review the circuit court's decision using a *de novo* standard."  *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008.  When a trial court grants or denies postconviction relief following the conclusion of a third-stage evidentiary hearing, we review the decision of the trial court using a "manifestly erroneous" standard.  *Coleman*, 183 Ill. 2d at 385, 701 N.E.2d at 1074.  We will review this case under the *de novo* standard.

Our supreme court has set the standard by which we review the summary dismissal of a postconviction petition:

> "The question before us is whether
> defendant's petition had no arguable basis
> either in law or in fact, *i.e.*, whether it
> was based on an indisputably meritless legal

theory or a fanciful factual allegation."
*People v. Hodges,* 234 Ill. 2d 1, 17, 912
N.E.2d 1204, 1212 (2009).

Steward claims standing is not a permissible ground for summary dismissal under section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 2008)) and in support cites *People v. Boclair*, 202 Ill. 2d 89, 789 N.E.2d 734 (2002). In *Boclair* our supreme court held that timeliness of the filing of a petition is not an element of "frivolous or patently without merit" under section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2000)). *Boclair*, 202 Ill. 2d at 100-01, 789 N.E.2d at 741.

The court stated:

"If the legislature intended for a trial judge to *sua sponte* dismiss a petition as being untimely, it would have so provided in section 122-2.1(a)(2) of the Act. Instead, the legislature provided in section 122-5 that the State may file a motion to dismiss. [citation]. By addressing timeliness and frivolousness in separate provisions of the Act, the legislature plainly intended to draw a distinction between these two flaws of post-conviction petitions." *Boclair*, 202

Ill. 2d at 100-01, 789 N.E.2d at 741.

Steward contends his claim is analogous to *Boclair* and argues that because the issue of standing is specifically addressed in a separate section of the Act, "this Court should find that the legislature did not intend to encompass standing within the scope of [s]ection 122-2.1(a)(2)'s 'frivolous or *** patently without merit' language."

In *Boclair*, our supreme court looked to the standard definitions of "frivolous," "patently," and "merit." *Boclair*, 202 Ill. 2d at 101, 789 N.E.2d at 741-42. Our supreme court noted that time is not an inherent element of the right to bring a postconviction petition, and as such, time limitation should be considered as an affirmative defense and can be raised, waived or forfeited by the State. *Boclair*, 202 Ill. 2d at 101, 789 N.E.2d at 741-42, citing *People v. Wright*, 189 Ill. 2d 1, 10-12, 723 N.E.2d 230 (1999).

In *Boclair*, our supreme court determined that the definition of "merit" is defined as " 'legal significance, <u>standing</u>, or importance.' " (Emphasis added.) *Boclair*, 202 Ill. 2d at 101, 789 N.E.2d at 742, quoting Webster's Third New International Dictionary 1414 (1993); Black's Law Dictionary 1003 (7th ed. 1999).

"Standing" is defined as: "[a] party's right to make a legal

-14-

claim or seek judicial enforcement of a duty or right."  Black's Law Dictionary 1413 (7th ed. 1999).  In the context of the Post-Conviction Hearing Act: a defendant who has completed his parole does not have standing to file a postconviction petition (*People v. Carrera*, 394 Ill. App. 3d 368, 915 N.E.2d 755 (2009)); registration as a sex offender is a collateral consequence of a defendant's conviction and does not give a defendant standing to challenge his conviction under the Act (*People v. Downin*, 394 Ill. App. 3d 141, 146, 914 N.E. 2d 1169, 1174 (2009)); postconviction review is not available to those who have already completed their sentences and might simply wish to purge their records of past convictions (*People v. Farias,* 187 Ill. App. 3d 879, 543 N.E.2d 886 (1989)); and a person serving a new sentence enhanced by a previous conviction does not have standing to challenge that previous conviction (*People v. Thurman*, 334 Ill. App. 3d 286, 289-90, 777 N.E.2d 971, 972-73 (2002)).

We conclude that the legislature intended that the phrase "frivolous or *** patently without merit" encompass the issue of standing because under *Boclair*, "merit" means legal significance and *standing*.  *Boclair*, 202 Ill. 2d at 101, 789 N.E.2d at 742, quoting Webster's Third New International Dictionary 1414 (1993); Black's Law Dictionary 1003 (7th ed. 1999).  A petition filed pursuant to the Act has no merit if filed by an individual who is

not imprisoned.  Therefore, we conclude that the court properly considered the petitioner's standing at the first stage of the petition because a petitioner's status as an imprisoned person is inherent to the right to relief under the Act.

Confinement Under the SVPCA Does Not Satisfy the "Imprisoned in the Penitentiary" Requirement of the Act

Defendant argues he is entitled to relief under the Post-Conviction Hearing Act because he is imprisoned, even though he is held under the SVPCA.  The SVPCA allows the State to extend the incarceration of criminal defendants beyond the time they would otherwise be entitled to release if those defendants are found to be "sexually violent."  *In re Detention of Samuelson*, 189 Ill. 2d 548, 551, 727 N.E.2d 228, 231 (2000).

A proceeding under the SVPCA begins when the defendant is served with notice by either the Attorney General or the State's Attorney in the county where the defendant was convicted. *Samuelson*, 189 Ill. 2d at 552, 727 N.E.2d at 232.  Either the Attorney General or State's Attorney submits a petition to the trial court alleging that the defendant is a sexually violent person.  *Samuelson*, 189 Ill. 2d at 553, 727 N.E.2d at 232. Proceedings on the petition are characterized by the law as civil in nature.  725 ILCS 207/20 (West 2008).  The court must hold a hearing to determine whether there is probable cause to believe

-16-

that the person named in the petition is a sexually violent person.  725 ILCS 207/30(b)(West 2008).  If probable cause is not established, the petition must be dismissed.  725 ILCS 207/30(c) (West 2008).

A trial to determine whether the defendant is a sexually violent person shall commence no later than 120 days after the date of the probable cause hearing.  725 ILCS 207/35(a) (West 2008).  At trial, the petitioner has the burden of proving the allegations in the petition beyond a reasonable doubt.  725 ILCS 207/35(d)(1) (West 2008).  If a court or a jury determines that a person is a sexually violent person, the court shall order the person to be committed to the custody of the Department of Human Services.  725 ILCS 407/40(a) (West 2008).

After a person has been committed to institutional care, the Department of Human Services is to conduct an examination of his mental condition within six months of the initial commitment and again at least once every 12 months.  725 ILCS 207/55(a) (West 2008).

Any person who is committed for institutional care under the SVPCA may petition the committing court for a conditional release if at least six months have elapsed since the initial commitment order was entered.  725 ILCS 207/60(a) (West 2008).  The court may appoint an examiner to examine the mental condition of the

-17-

petitioner and furnish a written report to the court.  725 ILCS 207/60(c) (West 2008).

The court shall grant the petition unless the State proves by clear and convincing evidence that the person has not made sufficient progress to be conditionally released.  725 ILCS 207/60(d) (West 2008).

A discharge is also available if the Secretary of the Department of Human Services determines that the person is no longer a sexually violent person.  725 ILCS 207/65(a)(1) (West 2008).  The Secretary may authorize the person to petition the committing court for discharge.  A hearing will be held where the State has the burden of proving by clear and convincing evidence that the petitioner is still a sexually violent person.  725 ILCS 207/65(a)(2) (West 2008).

In this case, Steward argues his civil commitment under the SVPCA is analogous to being "imprisoned in the penitentiary" under the Post-Conviction Hearing Act; since the courts have expanded the interpretation of "imprisoned in the penitentiary" in the past, we should expand it here to include those civilly committed under the SVPCA; and an individual's detention in a secured facility under the SVPCA is strikingly similar to detention in a penitentiary.

In *People v. Lawton*, 212 Ill. 2d 285, 297, 818 N.E.2d 326,

333 (2004), our supreme court found that persons committed under the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq.* (West 2002)) may not invoke the Post-Conviction Hearing Act to make a claim of ineffective assistance of counsel because proceedings under the Sexually Dangerous Persons Act are civil in nature. The court stated that some other remedy must be found. *Lawton*, 212 Ill. 2d at 296-97, 818 N.E.2d at 326.

In the case at bar, like *Lawton*, Steward is committed under an act that is civil in nature; thus, he may not invoke the Post-Conviction Hearing Act, and some other remedy must be found. *Lawton*, 212 Ill. 2d at 296-97, 818 N.E.2d at 326.

As previously discussed, Steward may challenge his civil commitment under the SVPCA. The court in *Lawton* suggested that the defendant challenge his civil commitment through section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)).

Our supreme court stated:

> "One of the guiding principles in the administration of section 2-1401 relief is that the petition invokes the equitable powers of the circuit court to prevent enforcement of a judgment when doing so would be unfair, unjust, or unconscionable."

> *Lawton*, 212 Ill. 2d at 297, 818 N.E.2d at
>
> 334.

However the Post-Conviction Hearing Act expressly states that a petitioner must be held in a penitentiary. Our supreme court has held that the Act is unavailable to those civilly committed. In this case, Steward is in civil custody; therefore, Steward lacks standing to file a postconviction petition because he is not "imprisoned in a penitentiary" within the meaning of the Act.

### Tolling of Mandatory Supervised Release

Steward claims in his reply brief that he was "imprisoned in the penitentiary" under the Post-Conviction Hearing Act because his mandatory supervised release had been tolled under section 15(e) of the SVPCA. The Post-Conviction Hearing Act is not only available to those defendants currently incarcerated in a correctional facility but also to those who were released while their timely filed petitions were pending, those released on appeal bond, those on mandatory supervised release, and those sentenced to probation. *People v. Rajagopal*, 381 Ill. App. 3d 326, 329, 885 N.E.2d 1152, 1156 (2008).

The State, in a motion to cite additional authority, claims we should not allow Steward's tolling argument because it was not addressed in his opening brief or the State's responsive brief

1-09-1006

and is in violation of Supreme Court Rule 341(j) (210 Ill. 2d R. 341(j).

Under Supreme Court Rule 341(j), a reply brief is strictly confined to replying to arguments presented in the brief of the appellee.  210 Ill. 2d R. 341(j).

We will allow Steward's tolling argument because it was presented in reply to the State's claim in its response brief that Steward was discharged from mandatory supervised release.

Under section 15(e) of the SVPCA:

"The filing of a petition under this Act shall toll the running of the term of parole or mandatory supervised release until:

(1) dismissal of the petition filed under this Act;

(2) a finding by a judge or jury that the respondent is not a sexually violent person; or

(3) the sexually violent person is discharged under Section 65 of this Act, unless the person had successfully completed a period of conditional release pursuant to Section 60 of this Act."  725 ILCS

-21-

1-09-1006

207/15(e) (West 2008).

However, this section does not apply to Steward because it was not enacted until July 3, 2006, more than four months after defendant was placed on mandatory supervised release (MSR), and did not become effective until January 1, 2007, some nine months after defendant was placed on MSR. See Pub. Act 94-992 (eff. January 1, 2007)(amending 725 ILCS 207/15(e) (West 2006)).

This court may take judicial notice of Department of Corrections records because they are public documents. *People v. Peterson*, 372 Ill. App. 3d 1010, 1019, 868 N.E.2d 329, 336 (2007). Department of Corrections records show that Steward was actually discharged from mandatory supervised release on March 1, 2008, months before Steward filed his postconviction petition. Since Steward was clearly discharged from MSR, he clearly was not on MSR when he filed his petition.

Furthermore, we cannot say that the amended section 15(e) of the SVPCA applies to Steward because, generally, an amendment to a statute will be construed to apply prospectively and not retroactively. *People v. Digirolamo*, 179 Ill. 2d 24, 50, 688 N.E.2d 116, 128 (1997).

An amendment may apply retroactively by express statutory language or by necessary implication. *Digirolamo*, 179 Ill. 2d at 50, 688 N.E.2d at 128. There is also an exception when an

-22-

amendment relates to changes in procedure or remedies, and not substantive rights. *Digirolamo*, 179 Ill. 2d at 50, 688 N.E.2d at 128.

Here, the amended section 15(e) of the SVPCA does not state that it expressly applies retroactively or that such an application is necessary. Section 15(e) merely states that MSR is tolled until dismissal of the SVPCA petition or a finding by a judge or jury that the respondent is not a sexually violent person; or such person is discharged under the Act. 725 ILCS 207/15(e) (West 2008).

Furthermore, we cannot say section 15(e) of the SVPCA relates to changes in procedure or remedies of those engaged in a proceeding under the SVPCA.

Assuming, in *arguendo*, section 15(e) does apply here, we still cannot say a tolling of MSR satisfies the "imprisoned in the penitentiary" requirement of the Act (725 ILCS 5/122-1(a) (West 2008)). Defendant needs to be currently on MSR, not tolled, to be within the realm of the Act. *Rajagopal*, 381 Ill. App. 3d at 329, 885 N.E.2d at 1156. Therefore, we cannot say defendant has standing under the Post-Conviction Hearing Act.

Steward's Petition is Based Upon a Meritless Legal Theory

We have determined Steward lacks standing to file a petition under the Post-Conviction Hearing Act. Notwithstanding Steward's

lack of standing and the trial court's determination that Patrice's testimony is not newly discovered evidence, Steward's petition fails to state a meritorious case of actual innocence even if the petition and supporting evidence were considered newly discovered.

Our supreme court in *Hodges* instructs that a "frivolous or patently without merit" test, along the lines of the test used in federal *habeas corpus* cases, is used to determine whether a postconviction petition presents the gist of a constitutional claim. *Hodges*, 234 Ill. 2d at 12, 912 N.E.2d at 1210. Under this test, a post-conviction petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact. *Hodges*, 234 Ill. 2d at 11-12, 912 N.E.2d at 1209.

Claims that lack an arguable basis either in law or in fact are those "based on an indisputably meritless legal theory," claims "whose factual contentions are clearly baseless," e.g., "claims describing fantastic or delusional scenarios" or fanciful factual allegations. *Hodges*, 234 Ill. 2d at 13, 912 N.E.2d at 1210, citing *Neitzke v. Williams*, 490 U.S. 319, 324-25, 104 L. Ed. 2d 338, 346-47, 109 S. Ct. 1827, 1831 (1989). According to *Hodges*, an example of an indisputably meritless legal theory is one which is completely contradicted by the record. *Hodges*, 234

-24-

Ill. 2d at 16, 912 N.E.2d at 1212.

Steward claims that Patrice recanted her account of the events leading to his conviction for attempted aggravated criminal sexual assault (720 ILCS 5/8-4, 12-14(a)(4) (West 1994)). A review of Steward's petition for postconviction relief reveals that he is challenging his aggravated battery conviction as well.

A person commits the crime of aggravated criminal sexual assault when:

> "(1) the accused displayed, threatened to use, or used a dangerous weapon, other than a firearm, or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon; or
>
> (2) the accused caused bodily harm *** to the victim; or
>
> (3) the accused acted in such a manner as to threaten or endanger the life of the victim ***; or
>
> (4) the criminal sexual assault was perpetrated during the course of the commission or attempted commission of any

1-09-1006

other felony by the accused ***."  720 ILCS 5/12-14 (West 2008).

A person commits the crime of attempt when, with intent to commit a specific offense, he does any act that constitutes a substantial step toward the commission of that offense.  720 ILCS 5/8-4 (West 2008).

A person commits the crime of aggravated battery when:

"(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery."

720 ILCS 5/12-4(a) (West 2008).

In Patrice's posttrial deposition, she changed her story from her testimony at trial where she testified that Steward grabbed her on the street, forced her into his apartment and forced her to have sexual relations.  In her posttrial deposition, Patrice testified that she willingly went to Steward's apartment for a "date" and twice voluntarily engaged in intercourse with Steward.

While Patrice's trial testimony and posttrial deposition testimony differ as to whether she voluntarily had intercourse with Steward, her testimony has not changed in regard to the fight that ensued after intercourse when Patrice refused to

perform oral sex on Steward.  Patrice testified that Steward beat her with a hammer in an attempt to force her to perform an oral sex act, that she was unwilling to do.  When Steward hit Patrice in the head and legs with a hammer, he committed aggravated battery.  When Steward used a hammer in an attempt to force Patrice to perform an act of oral sex, he committed the act of attempted aggravated criminal sexual assault.  As a result, we cannot say Steward has presented a meritorious claim that he is innocent of attempted aggravated criminal sexual assault or aggravated battery because such a claim is not only contradicted by the record at trial, but by the evidence presented to us by defendant in support of his postconviction petition.  *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212.

Sanctions

Steward claims the trial court erred when it imposed sanctions pursuant to section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2008)).

Under section 22-105:

> "If a prisoner confined in an Illinois
> Department of Corrections facility files a
> pleading, motion, or other filing which
> purports to be a legal document in a case
> seeking post-conviction relief under Article

1-09-1006

122 of the Code of Criminal Procedure of 1963

*** and the Court makes a specific finding

that the pleading, motion, or other filing

which purports to be a legal document filed

by the prisoner is frivolous, the prisoner is

responsible for the full payment of filing

fees and actual court costs."  735 ILCS 5/22-

105 (West 2008).

The trial court ordered that Steward be assessed court costs and fees in the amount of $105, pursuant to section 22-105 of the Code of Civil Procedure, because Steward's petition lacked an arguable basis in law or in fact; the allegations and other factual contentions did not have evidentiary support; and the filings were presented to hinder, cause unnecessary delay and needless increase in the cost of litigation.

However, the record shows that Steward is committed to a Department of Human Services treatment and detention facility and not "confined in an Illinois Department of Corrections facility" pursuant to section 22-105(a) of the Code of Civil Procedure. Therefore, the trial court order assessing fees in the amount of $105 is vacated.

CONCLUSION

Based on the foregoing, the judgment of the trial court is

-28-

1-09-1006

affirmed and we vacate the order assessing fees in the amount of $105.

Affirmed; fees vacated.

FITZGERALD SMITH, P.J., and TOOMIN, J., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please use following form:<br><br>Complete TITLE of Case | THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>       Plaintiff-Appellee,<br><br>    v.<br><br>STEVEN STEWARD,<br><br>       Defendant-Appellant. |
| Docket Nos.<br><br>COURT<br><br>Opinion Filed | No. 1-09-1006<br><br>Appellate Court of Illinois<br>First District, 5th Division<br><br>December 3, 2010<br><br>(Give month, day and year) |
| JUSTICES | JUSTICE HOWSE delivered the opinion of the court:<br><br>FITZGERALD SMITH, P.J., and TOOMIN, J., concur. |
| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin:<br><br>    Appeal from the Circuit Court of Cook County.<br><br>    The Hon. Dennis Porter, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith, of Chicago.<br><br><br><br>Joseph Brown, of Counsel).<br><br>Also add attorneys for third-party appellants and/or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel.  Indicate the word NONE if not represented.<br><br>For Appellant, Daniel T. Coyne, Matthew M.Daniels, Theresa M. Williams-Rule 711 Law Graduate and Stephen Wauck-2L Law Student,LAW OFFICES OF CHICAGO-KENT COLLEGE OF LAW, of Chicago.<br><br><br>For Appellee, Anita Alvarez, State's Attorney of Cook County, of Chicago.  (Alan J. Spellberg, Annette Collins, and Michele Grimaldi Stein, of Counsel).<br><br><br><br><br><br>(USE REVERSE SIDE IF NEEDED) |