# Illinois Official Reports

## Appellate Court

---

### *People v. Huerta-Perez*, 2017 IL App (2d) 161104

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARDO HUERTA-PEREZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-1104 |
| Filed | December 20, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 05-CM-7147; the Hon. Alexander F. McGimpsey III, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Isuf Kola, of Law Offices of Isuf Kola & Associates, Ltd., of Glen Ellyn, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HUDSON delivered the judgment of the court, with opinion.<br>Justices Zenoff and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Leonardo Huerta-Perez, pleaded guilty to criminal sexual abuse (720 ILCS 5/12-15(c) (West 2004)), and he was sentenced to one year of conditional discharge. The sentencing order required defendant to come to court one year after he was sentenced. Defendant failed to appear, and the court extended the term of conditional discharge for one month. The court's order mandated that defendant appear in one month for a final return. Defendant again failed to come to court. As a result, the State filed a petition to revoke defendant's conditional discharge, and the court issued an arrest warrant for defendant's failure to appear. Approximately eight years later, defendant turned himself in on the warrant and filed a postconviction petition, taking issue with the guilty-plea proceedings. In his petition, defendant noted that the court still had jurisdiction over the case, based on the arrest warrant and the State's petition to revoke. The trial court summarily dismissed the petition (725 ILCS 5/122-2.1(a)(2) (West 2016)), finding that, because defendant was not "imprisoned" (see 725 ILCS 5/122-1(a) (West 2016)), he could not file a claim pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Alternatively, the court found that defendant's claims were barred by *res judicata*. This timely appeal followed. For the reasons that follow, we affirm.

¶ 2                      BACKGROUND

¶ 3      On April 2, 2007, defendant appeared in court with his attorney and an interpreter. Defendant executed a jury waiver, the court admonished defendant that he would be giving up a jury trial by pleading guilty, and defendant's attorney explained to the court in defendant's presence that she and defendant had discussed that, by pleading guilty, defendant would have to register as a sex offender and would be deported. Defendant entered an open plea of guilty to criminal sexual abuse, and the court found that the plea was knowingly and voluntarily made. The court imposed a $100 fine and court costs, ordered defendant to register as a sex offender, and sentenced defendant to one year of conditional discharge. In doing so, the court noted that it "kn[e]w [that defendant] is not going to be here" in one year, as "he is going to be deported." Nevertheless, the court stated, "Return date 5/1/08 [*sic*]." The sentencing order indicated that defendant was to "make a FINAL appearance to the court on 04/01/08 at 8:30 a.m." The court admonished defendant that, if he wanted to appeal, he had to file a written motion to either withdraw his plea or reconsider his sentence within 30 days, and his failure to do either "will cause a waiver of your appeal rights on these issues." Defendant also signed a preprinted document indicating that he was admonished of his appeal rights pursuant to Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001).

¶ 4      On April 1, 2008, defendant failed to appear in court. The court extended defendant's term of conditional discharge to May 1, 2008. Defendant did not come to court on May 1, 2008. As a result, the court issued an arrest warrant for defendant's failure to appear, and the State filed a petition to revoke defendant's conditional discharge based on his failure to appear on the final return date and his willful failure to pay his fine and court costs.

¶ 5      On July 7, 2016, approximately eight years later, defendant turned himself in on the active warrant. Two months after that, with the help of counsel, defendant filed a postconviction petition, claiming, *inter alia*, that he was not properly admonished pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997); he did not knowingly and voluntarily waive his

right to a jury trial; he was denied real justice and was prejudiced when he was not told that, by pleading guilty, he would be subject to expedited deportation; and the trial court failed to properly admonish him pursuant to Rule 605.

¶ 6       The trial court summarily dismissed the petition. In doing so, the court noted that defendant's term of conditional discharge expired on April 1, 2008, and that it did not properly extend the term for an additional month, as defendant was not given notice or afforded a hearing (see 730 ILCS 5/5-6-4(f) (West 2008)). The court went on to note that, even if it had properly extended the term to May 1, 2008, the State's petition to revoke and the arrest warrant were not filed until after that one-month period expired. Thus, the court found that it lost subject-matter jurisdiction over the case and did not have personal jurisdiction over defendant. Because the court acted without jurisdiction, defendant was not "imprisoned" when he filed his petition (725 ILCS 5/122-1(a) (West 2016)). Without being "imprisoned," he could not obtain any relief under the Act. The court also ruled that defendant's claims were barred by *res judicata*, as defendant could have raised his claims in a direct appeal. In addition to summarily dismissing the petition, the court quashed the arrest warrant and dismissed the petition to revoke.

¶ 7                                        ANALYSIS

¶ 8       On appeal, defendant argues that the summary dismissal of his petition was improper. "The Act provides a remedy to defendants who have suffered substantial violations of their constitutional rights." *People v. Barcik*, 365 Ill. App. 3d 183, 190 (2006). There are three stages to the proceedings (*id.*), and this appeal concerns the dismissal of a petition at the first stage. We review such dismissals *de novo*. *People v. Carrera*, 239 Ill. 2d 241, 245 (2010).

¶ 9       During the first stage, the trial court determines whether the defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief. *People v. Coleman*, 183 Ill. 2d 366, 380 (1998). The trial court may summarily dismiss the petition if it finds that the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). A petition may be dismissed as frivolous or patently without merit when the defendant lacks standing to bring a claim under the Act. *People v. Steward*, 406 Ill. App. 3d 82, 90 (2010).

¶ 10      Here, defendant contends that his petition should not have been dismissed because (1) he had standing to bring his postconviction claims and (2) his claims were not barred by *res judicata*, *i.e.*, he could not have raised them previously. Because we reject his first contention, we do not address his second.

¶ 11      Not every person convicted of a crime has standing to bring claims under the Act. Rather, the Act provides that only a "person imprisoned in the penitentiary may institute a proceeding under this Article." 725 ILCS 5/122-1(a) (West 2016). The question becomes what "imprisoned" means for purposes of the Act.

¶ 12      Our supreme court has determined that a defendant is "imprisoned" when his liberty is curtailed in some way by the State because of the criminal conviction that the defendant is purporting to challenge. *Carrera*, 239 Ill. 2d at 246; *People v. West*, 145 Ill. 2d 517, 519 (1991); *People v. Martin-Trigona*, 111 Ill. 2d 295, 301 (1986). A defendant's liberty is curtailed when he is "always on a string, and [the State] may pull the string whenever [it] please[s]." (Internal quotation marks omitted.) *Martin-Trigona*, 111 Ill. 2d at 300. In determining whether a defendant's liberty has been curtailed, a defendant's "sentence is

relevant only so far as it predicts at what point in time [the defendant] will be released from the fetters accompanying his conviction so that he is no longer in need of the Act's remedial procedures to secure his liberty." *Id.* at 301. "[A] defendant retains standing under the Act so long as he is challenging a conviction from which he continues to serve some form of sentence, such that his liberty would be directly affected by invalidating his conviction." *People v. Stavenger*, 2015 IL App (2d) 140885, ¶ 9.

¶ 13    Thus, as long as a defendant is serving some part of his sentence, he will have standing to bring a claim under the Act. See *People v. Pack*, 224 Ill. 2d 144, 147, 152 (2007) (defendant sentenced to aggregate term of 67 years' imprisonment could bring a claim under the Act 13 years later, challenging a conviction that resulted in a 7-year sentence, as invalidation of that conviction would advance defendant's release date); *Martin-Trigona*, 111 Ill. 2d at 300 (defendant who posted appeal bond had standing to file postconviction petition because he could not leave the state without the court's permission, leave the country under any circumstances, or change his residence without restrictions); *People v. Correa*, 108 Ill. 2d 541, 546 (1985) (defendant who was serving a term of mandatory supervised release (MSR) had standing to file postconviction petition, as the Department of Corrections retained custody of and still supervised defendant). In contrast, "the Act and its remedies are not available to defendants who have completed their sentences and merely seek to purge their criminal records." *People v. Rajagopal*, 381 Ill. App. 3d 326, 330 (2008). Thus, a defendant who is no longer serving any part of his sentence lacks standing to bring a claim under the Act. *Carrera*, 239 Ill. 2d at 243-44, 257 (defendant who was subject to deportation but had completed probation lacked standing to bring a claim under the Act); *Stavenger*, 2015 IL App (2d) 140885, ¶ 12 (defendant who completed sentence but had to register as sex offender lacked standing to bring a claim under the Act); *Steward*, 406 Ill. App. 3d at 92-93 (defendant who had completed his term of MSR and was civilly committed as a sexually violent person lacked standing to bring a claim under the Act).

¶ 14    Here, defendant's sentence ended on April 1, 2008.[1] Defendant filed his petition in September 2016, over eight years after his term of conditional discharge ended. At that point, invalidating defendant's conviction would not have affected defendant's liberty.

¶ 15    Defendant claims that, when he filed his petition, his liberty was still restrained because there was an active warrant for his arrest and the State's petition to revoke was unresolved. The fatal problem with defendant's position is that, although his liberty might have been restrained because of the arrest warrant and the petition to revoke, the Act requires that the restraint be because of a conviction for which the defendant is still serving some form of his sentence such that his liberty will be directly affected if that conviction is invalidated. *Stavenger*, 2015 IL App (2d) 140885, ¶ 9. Here, as noted, defendant was no longer serving any part of his sentence when he filed his petition. Because he was not, he lacked standing to bring his claims under the Act. To obtain relief, defendant simply needed to move to quash the arrest warrant and dismiss the petition to revoke, which the trial court did after summarily dismissing defendant's petition.

---

[1]Although initially the trial court orally entered a return date of May 1, 2008, it is clear that the trial court misspoke, as the court sentenced defendant to only one year of conditional discharge. Further, although the trial court later purported to extend that year to May 1, 2008, that extension, as the trial court noted, was ineffective.

¶ 16    Because we determine that defendant lacked standing to bring his petition, we will not consider whether the claims he brought in his petition were barred by *res judicata*.

¶ 17                                      CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 19    Affirmed.