2020 IL App (1st) 182071-U

No. 1-18-2071

Second Division
December 22, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 081200922 |
| GANAA OTGOO, | ) ) | Honorable Daniel J. Gallagher |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court's decision is affirmed where defendant lacked standing to file a postconviction petition.

¶ 2    Defendant, Ganaa Otgoo, pled guilty to one count of retail theft. Several years later, he

filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS

5/122-1 *et seq.* (West 2018)), which the circuit court summarily dismissed for failing to state a claim under the Act. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On May 8, 2009, defendant pled guilty to one count of misdemeanor retail theft and was sentenced to two days' imprisonment, time considered served. At the time defendant entered his guilty plea, he was not a United States citizen but was a permanent resident. No motions were filed following the entry of his guilty plea.

¶ 5      In 2016, the Department of Homeland Security (DHS) initiated removal proceedings based on defendant's conviction. On April 7, 2017, defendant appeared *pro se* at the removal hearing and admitted the factual allegations contained in the DHS charges. The immigration court determined that defendant's conviction for theft rendered him removable by clear and convincing evidence. A review of the exhibits in the record indicates that defendant has been in federal immigration custody since September 6, 2016.

¶ 6      According to defendant's statement of facts, in 2016 and 2017, he mailed postconviction petitions to the circuit court. He maintains that the certified mail return receipts show that the circuit court received the previous petitions on January 3, 2017 and May 12, 2017 and failed to address them. We find nothing in the record showing that these petitions were received or docketed by the court. There are, however, two letters in the record (attached as exhibits) that suggest defendant mailed his petitions, though it is unclear which ones, to the wrong entity. In one letter dated July 20, 2017, the Cook County court services administrator advises defendant to direct his correspondence to the Clerk of the Circuit Court. In the second letter dated August 1, 2017, the director of the Office of the Chief Judge advises defendant to file his petition at the Leighton Criminal Court Building.

¶ 7    On April 19, 2018, defendant mailed a postconviction petition to the circuit court. This petition is not in the record on appeal and it is not clear when the circuit court received the instant petition. On July 26, 2018, the circuit court dismissed the petition at issue, finding that it failed to state a claim under the Act.

¶ 8    This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant argues that (1) his plea was involuntary because the circuit court never advised him of the immigration consequences of a misdemeanor conviction as required under section 113-8 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-8 (West 2016)), (2) his counsel was ineffective for failing to counsel him as to the immigration consequences of his plea, and (3) his constitutional right of access to the courts was violated when his earlier postconviction petitions were ignored.[1] He requests a trial due to these alleged errors. In response, the State contends that defendant lacked the requisite standing to file a postconviction petition under the Act and thus the circuit court correctly dismissed the petition. We agree.

¶ 11    "The Act provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). In noncapital cases, the Act has three stages. At the first stage, the circuit court has 90 days to review a petition and may summarily dismiss it if the court finds that the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). A summary dismissal of a

---

[1] Defendant's 2018 postconviction petition is not in the record; however, based on the exhibits in the record, we believe these arguments from his brief were also contained in his petition, and in the interest of fairness and due process, we will review them here.

postconviction petition is reviewed *de novo* (*People v. Brown*, 236 Ill. 2d 175, 184 (2010)), and we may affirm the circuit court on any basis supported by the record (*People v. Durr*, 215 Ill. 2d 283, 296 (2005)).

¶ 12    Before we consider the State's challenge to defendant's standing, we first address defendant's argument that the circuit court violated his constitutional right of access to the courts by ignoring the petitions for postconviction relief that he mailed in 2016 and 2017. The Act provides the specific procedural method for instituting a postconviction proceeding, which is "commenced by filing [a petition] with the clerk of the court in which the conviction took place." 725 ILCS 5/122-1(b) (West 2016). "The clerk shall docket the petition for consideration by the court *** upon his or her receipt thereof and bring the same promptly to the attention of the court." *Id.* "Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon ***." *Id.* at 5/122-2.1(a). Thus, the 90 day period does not begin until the petition is docketed. *People v. Shief*, 2016 IL App (1st) 141022, ¶ 30-32.

¶ 13    Here, it is unclear when either of defendant's prior two petitions were filed. He asserts that he sent the petitions in 2016 and 2017, they were received on January 3, 2017 and May 12, 2017, and the circuit court never ruled on them. However, there is nothing in the record to confirm these dates and no documentation showing that the circuit court docketed any of these filings. We have only defendant's exhibits in the record showing the date he signed the petitions and attached affidavits and the certified mail return receipts. The exhibits, however, provide no information as to whether the circuit court received, filed, and docketed the filings.

¶ 14    Under the Act, a petition must be docketed by the clerk upon receipt, which "requires that the cause be entered in the official record." *People v. Brooks*, 221 Ill. 2d 381, 391 (2006). It is the appellant's burden to furnish this court with a sufficiently complete record so that the reviewing

court may determine the issue on appeal. *People v. Carter*, 2015 IL 117709, ¶ 19. Without an adequate record, this court presumes that the circuit court's order conforms with the law (*id.*), and any "doubts which may arise from the incompleteness of the record will be resolved against the appellant" (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)). We are without any documentation to show when the clerk received and docketed any of defendant's prior filings. Thus, we must presume that defendant's prior petitions were not received or docketed by the circuit court.

¶ 15   We now turn to the issue of defendant's standing to bring the instant petition. The circuit court may dismiss a postconviction petition at the first stage for lack of standing. *People v. Steward*, 406 Ill. App. 3d 82, 90 (2010) (finding that the legislature intended for "frivolous or patently without merit" to encompass the issue of standing). The Act states that "[a]ny person imprisoned in the penitentiary may institute a proceeding under this Article." 725 ILCS 5/122-1(a) (West 2016). The facts of this case are on all fours with those in *People v. Carrera*, 239 Ill. 2d 241 (2010). In *Carrera,* our supreme court considered whether a person subject to deportation proceedings was "imprisoned in the penitentiary" within the meaning of the Act. In *Carrera*, the defendant pled guilty to unlawful possession of a controlled substance and was sentenced to probation, which he completed in 2006. *Id.* at 243. After removal proceedings were commenced against defendant, he filed a postconviction petition under the Act, alleging that his plea was not voluntary because he relied on counsel's advice that no immigration consequences would result from his plea. *Id.* at 244. The court interpreted the Act's imprisonment requirement to include defendants released from incarceration after filing a petition and defendants whose liberty had s been curtailed by the state because of the criminal conviction being challenged. The court held that the defendant, who fully served his underlying sentence prior to filing a postconviction petition,

did not have standing under the Act because his "liberty was not curtailed by the state in any way." *Id.* at 246-47, 253.

¶ 16    This court has applied the holding in *Carrera* in a case nearly identical to the case at bar. In *People v. Vinokur*, 2011 IL App (1st) 090798, ¶¶ 2-3, the defendant, who was a United States permanent resident, pled guilty to possession of cannabis in 2003 and completed his probation in 2005. He later learned that his conviction subjected him to deportation, and he filed a postconviction petition alleging that the circuit court failed to admonish him as to the immigration consequences of his plea. *Id.* ¶ 4. The circuit court summarily dismissed the petition, and the defendant appealed. *Id.* Likening the situation to that in *Carrera*, this court held that the defendant did not have standing to file a petition for postconviction relief because he was not imprisoned at the time of filing. *Id.* ¶ 8.

¶ 17    In the present case, defendant's postconviction petition was filed and docketed in 2018. Two other petitions were allegedly filed, one in 2016 and another in 2017. Significantly, all three were filed several years after the completion of defendant's 2009 sentence Because defendant has not been incarcerated for the underlying crime here at any point during the filing or pendency of this or the other alleged postconviction proceedings, the Act does not apply to him. See *People v. Rajagopal*, 381 Ill. App. 3d 326, 330 (2008) ("[T]he Act and its remedies are not available to defendants who have completed their sentences and merely seek to purge their criminal records."). Although defendant is currently being held in federal immigration custody, his status is insufficient to create standing under the Act because it is distinct from his underlying conviction and sentence for retail theft. See *Carrera*, 239 Ill. 2d at 253 ("Defendant's detention by the [Immigration and Naturalization Service] is not imprisonment within the meaning of the Act, [ ] because defendant has already served his Illinois sentence."). Further, the advent of *Padilla v. Kentucky*, 559 U.S.

356 (2010), does not confer standing on defendant. In *Padilla*, the Supreme Court held that an attorney's failure to give correct advice when immigration consequences stemming from a plea are clear constitutes deficient representation. The *Carrera* court considered the effects of *Padilla* and found that *Padilla* could not confer standing on a defendant as to postconviction proceedings. 239 Ill. 2d at 255-56. Specifically, the court stated that *Padilla*'s requirement that counsel inform a defendant of deportation consequences "does not render that defendant in custody for purposes of our Act, if the defendant has already served the sentence on the conviction that he seeks to challenge." *Id.*

¶ 18    Even if we were able to confer standing on defendant, we would nonetheless find that defendant's claims warranted summary dismissal. We have already dispensed with defendant's argument that his constitutional right of access to the courts was violated. Defendant's remaining two claims, ineffective assistance of counsel for failure to inform defendant of immigration consequences and the involuntariness of his plea based on the circuit court's failure to admonish defendant as to the immigration consequences, are equally meritless.

¶ 19    As to defendant's claim of ineffective assistance of counsel, he argues that in accordance with *Padilla*, his counsel was required to inform defendant of the immigration consequences in entering a guilty plea and the failure to do so resulted in ineffective assistance of counsel. However, in *Chaidez v. U.S.*, 568 U.S. 342, 358 (2013), the Supreme Court noted that *Padilla* created a new rule and defendants whose convictions became final prior to *Padilla* could not benefit from its holding. In *People v. Greco*, 2014 IL App (1st) 112582, ¶ 29, this court agreed with the reasoning in *Chaidez* and held that *Padilla* cannot be retroactively applied. We find no basis upon which to depart from the holding in *Greco*. Defendant's conviction became final in 2009, prior to *Padilla*, and thus, the rule from that case does not apply to defendant's circumstances. We cannot then find

that counsel's performance was deficient for failing to apprise defendant of the immigration consequences of his guilty plea.

¶ 20    Finally, defendant claims that his plea was involuntary because the circuit court failed to admonish him as to the immigration consequences of his guilty plea. Contrary to defendant's assertion, however, circuit courts are not constitutionally required to issue such admonishments. Our supreme court has specifically made a contradictory ruling in *People v. Guzman*, 2015 IL 118749. In that case, which was issued post-*Padilla*, our supreme court held that a circuit court is not constitutionally bound to provide admonishments about immigration consequences before accepting a guilty plea. *Id.* ¶ 27. We must follow the precedential ruling of our supreme court, and thus, we reject this claim as well. See *In re A.C.*, 2016 IL App (1st) 153407, ¶ 43 (stating that lower courts are bound to follow supreme court precedent).

¶ 21    Additionally, we note that there is no transcript in the record of the plea proceedings. In his reply brief, defendant asserts that the fact that there is no transcript supports his argument that the guilty plea proceedings were "invalid and void." In fact, the opposite conclusion is to be drawn from an incomplete record. As previously stated, when this court is faced with an incomplete record, we must presume that the trial court knew the law and applied it properly. *People v. Howery*, 178 Ill. 2d 1, 32 (1997). As such, " '[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant.' " *Carter*, 2015 IL 117709, ¶ 19 (quoting *Foutch*, 99 Ill. 2d at 392).

¶ 22    Accordingly, even if defendant had standing to bring his claim under the Act, his claims are patently without merit and the circuit court properly dismissed his petition.

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, we affirm the judgment of the circuit court.

No. 1-18-2071

¶ 25    Affirmed.